**Lyle S. WOODCOCK, Plaintiff-Appellant,**

v.

**Robert H. DONNELLY, Superintendent, Massachusetts Correctional Institution At Walpole, Defendant-Appellee.**

**No. 72-1278.**

United States Court of Appeals, First Circuit.

Submitted Aug. 17, 1972.

Decided Aug. 28, 1972.

Daniel F. Featherston and Featherston, Homans & Klubock, Boston, Mass., on application for appellant.

Before ALDRICH, Chief Judge, and COFFIN, Circuit Judge.

PER CURIAM.

■ This application seeks review of a district court's denial of bail to a state prisoner whose habeas corpus petition is pending before that district court. This is neither an appeal from a final judgment, 28 U.S.C. § 1291, nor an appeal from one of those interlocutory judgments specifically enumerated by statute, 28 U.S.C. § 1292. Moreover, the Bail Reform Act, 18 U.S.C. §§ 3146–52 is inapplicable to state prisoners seeking collateral relief. Neither petitioner's citations nor our own research has indicated any authority for our entertaining either an appeal from this decision or a direct application for admission to bail. All the cases and rules speak either of our power to admit to bail pending decision of an appeal otherwise properly before us, Fed.R.App.P. 23(b), Sup.Ct.R. 49(2), Aronson v. May, 85 S.Ct. 3, 13 L. Ed.2d 6 (1964), Baker v. Sard, 137 U.S. App.D.C. 139, 420 F.2d 1342 (1969), Ballou v. Massachusetts, 382 F.2d 292 (1st Cir. 1967), or of the power of a district court to admit to bail pending its determination of the merits in a habeas petition, Jonhston v. Marsh, 227 F.2d 528 (3d Cir. 1955); DeAngelis v. South Carolina, 330 F.Supp. 889 (D.S.C.1971); United States ex rel. Epton v. Nenna, 281 F.Supp. 388 (S.D.N.Y.1968). We therefore construe this to be a petition for mandamus to direct the district court to admit the petitioner to bail. See Johnston, supra.

■ ■ In considering a petition for mandamus, we may inquire only whether the court below acted without jurisdiction or grossly abused its discretion. We agree with the courts cited above that a district court entertaining a petition for habeas corpus has inherent power to release the petitioner pending determination of the merits. Here, the district court properly assumed that it had such authority and found that petitioner was a "good bail risk". Order of August 4, 1972, Exhibit C. But it found that he had neither established the likelihood of his success on the merits nor demonstrated that a health emergency existed and therefore refused to admit him to bail. On the papers before us, which are only those submitted by the petitioner, we cannot say that the district court abused its discretion in finding that "such an exigency of circumstances" as warrants release on bail does not exist with regard to petitioner's health, even if it be assumed that petitioner should be excused from exhausting his state remedies in this regard. Similarly, aware of the undesirability of a pre-judgment of the merits, we are not prepared to say that the district court abused its discretion in finding that the petitioner did not prevail in establishing the probability of success on the merits.

Application for review of denial of bail is denied; treating the papers as a petition for mandamus, petition is denied.