Francis T. GLYNN, Petitioner-Appellant,

v.

Robert DONNELLY, Respondent-
Appellee.

John M. FARRELL, Petitioner-Appellant,

v.

Robert DONNELLY, Respondent-
Appellee.

Nos. 72–1309, 72–1310.

United States Court of Appeals,
First Circuit.

Argued Nov. 9, 1972.

Decided Dec. 12, 1972.

James W. Kelleher, Boston, Mass., for appellants.

Charles E. Chase, Asst. Atty. Gen., with whom Robert H. Quinn, Atty. Gen. and John J. Irwin, Jr., Asst. Atty. Gen., Chief, Crim. Div., were on brief, for appellee.

Before COFFIN, Chief Judge, ALDRICH and McENTEE, Circuit Judges.

ALDRICH, Senior Judge.

Petitioners Glynn and Farrell were convicted in two Massachusetts state court trials and their convictions were affirmed on appeal. Commonwealth v. Beneficial Finance Co., 1971 Mass.Adv. Sh. 1367, 275 N.E.2d 33, cert. denied 407 U.S. 910, 92 S.Ct. 2435, 32 L.Ed.2d 683. On July 21, 1972, the day after commencing service of sentence, they filed petitions for habeas corpus in the district court, alleging that their convictions were tainted by constitutional error. In connection therewith they sought bail, and upon this being denied, they appeal.

■■■■■ A question arises as to our appellate jurisdiction. Petitioners allege that in our recent case of Woodcock v. Donnelly, 1 Cir., 1972, 470 F.2d 93, casting doubt upon that jurisdiction, we overlooked certain decisions indirectly in point. We regard the question as interesting, but unimportant.[1] Concededly we have original jurisdiction to issue an order of mandamus under the All Writs Act, 28 U.S.C. § 1651(a), and, of greater consequence, we are satisfied that the

---

1. To the extent that we indicated a total absence of authority for appellate jurisdiction in *Woodcock*, we may have taken too absolute a stand. Further research reveals some, rather inconclusive, authority. In Hardy v. Vuitch, 4 Cir., March 9, 1972, the Fourth Circuit concluded in an unpublished memorandum and order that it had jurisdiction over an appeal from a district court revocation of bail previously granted in a habeas proceeding. The petition for certiorari, raising that issue, 41 U.S.L.W. 3135 (U.S. Sept. 19, 1972) was denied by the Supreme Court, 409 U.S. 851, 93 S.Ct. 63, 34 L.Ed.2d 94 (1972). In Levy v. Parker, 1969, 396 U.S. 1204, 90 S.Ct. 1, 24 L.Ed. 2d 25, Justice Douglas, in granting an "Application for Bail" pending determination of a habeas corpus petition in the district court, noted that the district court, the court of appeals (for the Third Circuit) and Justice Brennan had previously denied bail. Although the Third Circuit might have dismissed the appeal for lack of jurisdiction, Justice Douglas'

particular jurisdictional source is immaterial to the substantive issue. Whatever the basis of our power, petitioners must carry an exceptional burden before we can reverse the district court. We observe, however, that sound practice would seem to suggest resort to original rather than appellate jurisdiction.

Quite apart from our own reviewing standard, petitioners bore in the district court itself a heavy burden, a burden derived from an appreciation of the particular use they are seeking to make of the writ. The writ of habeas corpus, an ancient bulwark of liberty, served traditionally to protect against arbitrary abuse of power by the Crown. Subjects held without trial employed the writ to secure their liberty pending a judicial determination of their guilt. *See* Darnel's Case, 3 Cobbett's St.Tr. 1 (1627); 9 W. Holdsworth, A History of English Law 114–119 (2d ed. 1938). It was ultimately held that the court hearing this traditional habeas was authorized to investigate the legality and the cause of the detention in *deciding whether to release* the prisoner. See Developments in the Law, Federal Habeas Corpus, 83 Harv.L.Rev. 1038, 1044–45 (1970). For a prisoner whose case had already been judicially processed, on the other hand, a habeas court historically restricted its review, inquiring only if the committing court possessed the competence and jurisdiction to issue the commitment order. *See* Ex parte Watkins, 1830, 28 U.S. (3 Pet.) 193, 202–203, 7 L.Ed. 650.

Over the years the issues cognizable by a federal habeas court reviewing a judicial confinement have multiplied significantly, partly as a result of statutory developments, see Act of Feb. 5, 1867, ch. 28, § 1, 14 Stat. 385 (now 28 U.S.C. § 2241(c)(3) (1971)) and partly as a result of judicial expansion of the concept of jurisdiction. *See, e. g.,* Frank v. Mangum, 1915, 237 U.S. 309, 326–327, 35 S.Ct. 582, 59 L.Ed. 969; Johnson v. Zerbst, 1938, 304 U.S. 458, 465–468, 58 S.Ct. 1019, 82 L.Ed. 1461. In a more recent, and probably more significant, broadening of the writ, the Supreme Court has made it clear that a federal habeas court has jurisdiction regardless of the adequacy of the state judicial process, or the fact that the state has fully and fairly considered the prisoner's claim. Brown v. Allen, 1953, 344 U.S. 443, 73 S.Ct. 397, 97 L.Ed. 469. See Bator, Finality in Criminal Law and Federal Habeas Corpus for State Prisoners, 76 Harv.L.Rev. 441, 499–528 (1963).

■ While the federal power remains, we *regard* a petitioner who has had a full trial and appeal as in a very different posture than if there had been no prior judicial determination of his rights. Nowhere is this more significant than with regard to bail. As Mr. Justice Douglas said in denying an application for bail in Aronson v. May, 1964, 85 S.Ct. 3, 5, 13 L.Ed.2d 6,

"This applicant is incarcerated because he has been tried, convicted, and

---

wording suggests that court had considered the bail issue on its merits. The full Supreme Court extended his grant of bail without comment. 396 U.S. 804, 90 S.Ct. 47, 24 L.Ed.2d 60 (1969). Finally, in Dawkins v. Crevasse, 5 Cir., 1968, 391 F.2d 921, a state defendant, awaiting his state appeal, brought a federal habeas corpus proceeding seeking release because his conviction was unconstitutional and alternatively seeking release on bond pending his state appeal. The district court denied the latter claim and did not pass on the former. The Fifth Circuit, without any apparent consideration of its appellate jurisdiction, reversed, ordering release on bail pending

disposition of the state appeal and all other "remedies and appellate procedures" available to the appellant. Id. at 922. Contrary to the appellants' assertion, Stack v. Boyle, 1951, 342 U.S. 1, 72 S.Ct. 1, 96 L.Ed. 3, and United States v. Foster, 2 Cir., 1960, 278 F.2d 567, cert. denied 364 U.S. 834, 81 S.Ct. 48, 5 L.Ed.2d 60 are not strong authority for appellate jurisdiction, since they rely explicitly on the existence of a constitutional or statutory right to bail pending trial. Here no such rights exist, admission to bail in habeas being addressed solely to the discretion of the court.

sentenced by a court of law. He now attacks his conviction in a collateral proceeding. It is obvious that a greater showing of special reasons for admission to bail pending review should be required in this kind of case than would be required in a case where applicant had sought to attack by writ of habeas corpus an incarceration not resulting from a judicial determination of guilt. Cf. Yanish v. Barber, 73 S.Ct. 1105, 97 L.Ed. 1637 (1953). In this kind of case it is therefore necessary to inquire whether, in addition to there being substantial questions presented by the appeal, there is some circumstance making this application exceptional and deserving of special treatment in the interests of justice. See Benson v. California, 328 F.2d 159 (C.A. 9th Cir. 1964)."

In the case cited the court said,

"It would not be appropriate for us at this stage of the proceeding to enlarge this petitioner on bail even if we found that the allegations of his petition for habeas corpus made out a clear case for his release. Something more than that is required before we would be justified in granting bail.[2]

2. "There are thousands of prisoners confined in state prisons, any of whom, with a little assistance from their cell mates, would have no difficulty in drafting a petition for writ of habeas corpus which would allege substantial violations of constitutional rights. We do not propose, by ruling in this case, to open the door to the release of those thousands of prisoners on the basis of mere allegations in their petitions."

Benson v. California, 9 Cir., 1964, 328 F.2d 159, 162, cert. denied 380 U.S. 951, 85 S.Ct. 1086, 13 L.Ed.2d 970.

2. In the course of oral argument counsel for petitioners referred to the case of Baird v. Eisenstadt, 1 Cir., 1970, 429 F.2d 1398, affirmed 405 U.S. 438, 92 S.Ct. 1029, 31 L.Ed.2d 349 (to which we add Hunt v. Keriakos, 1 Cir., 1970, 428 F.2d 606, cert. denied 400 U.S. 929, 91 S.Ct. 185, 27 L.Ed.2d 189). It is true that in these cases this court granted

Bail, like habeas corpus, developed primarily as a pretrial institution. See Foote, The Coming Constitutional Crisis in Bail, 113 U.Pa.L.Rev. 959, 968 (1965); In re Whitney, 1 Cir., 1970, 421 F.2d 337. Before, and during, trial, the accused enjoys a presumption of innocence, and bail is normally granted. The presumption fades upon conviction, and can be of no significance after the defendant's appeal has been rejected. Correspondingly, the state acquires a substantial interest in executing its judgment. Quite apart from principles of comity, this combination of factors dictates a formidable barrier for those who seek interim release while they pursue their collateral remedies. Cf. U. S. ex rel. Epton v. Nenna, S.D.N.Y., 1968, 281 F.Supp. 388; Baker v. Sard, 1969, 137 U.S.App.D.C. 139, 420 F.2d 1342. We would express it in these terms. Both in the district court, and on appeal, in the absence of exceptional circumstances—whatever that may include— the court will not grant bail prior to the ultimate final decision unless petitioner presents not merely a clear case on the law, Benson v. California, ante, but a clear, and readily evident, case on the facts.[2] Merely to find that there is a substantial question is far from enough.

With this in mind, we turn to the particular procedural and substantive issues in the present case. Petitioners argue that the district court's delay in processing their petitions constitutes a special circumstance that warrants bail. Although extraordinary delay might justify that action, cf. Rivera v. Concepcion, 1 Cir. 1972, 469 F.2d 17, we do not consider this such a case.

bail pending appeal even after an adverse decision by the district court on the merits. While our thought processes were not fully stated, we record here that in both instances petitioner's chance of success appeared exceptional. The present opinion merely articulates what has been our standard practice.

Shortly after the petitions were filed the district court issued show cause orders returnable on August 4. This led to a hearing on September 15 of motions to dismiss, filed by respondent with his return of show cause order, going to the merits of the case. Since argument we are informed the magistrate has recommended dismissal of the petitions on the merits.

■■■■ Habeas corpus procedure is set out in 28 U.S.C. § 2243. That section sets time limits for issuance of show cause orders and for holding hearings, and in general manifests a policy that, although civil in nature, habeas petitions are to be heard promptly. *See* Van Buskirk v. Wilkinson, 9 Cir., 1954, 216 F.2d 735, 737-738. It is to be noted, however, that these statutory provisions are not of recent origin but, rather, date from the Act of 1641, 16 Car. I, c. 10 and particularly from the Habeas Corpus Act of 1679, 31 Car. II, c. 2. *See* Ex parte Baez, 1900, 177 U.S. 378, 388-389, 20 S.Ct. 673, 44 L.Ed. 813; 9 W. Holdsworth, ante, at 115-18. Times have changed. As already noted, in cases like the present we are not concerned with jailers who procrastinate in filing their returns while their prisoners are confined without judicial sanction. Furthermore, instead of the occasional case, we now have an avalanche.[3] In these circumstances we believe the desirability of overall promptness recognized in section 2243 must be measured according to the type of case, lest other important matters on the docket be unduly delayed. The post-conviction petition should be given prompt consideration, as should any criminal prosecution, but not special consideration as against other types of cases, criminal, and occasionally civil, which are also entitled to preferential treatment. Not only does fairness to other litigants indicate such procedure, but so does the not unfamiliar tendency of convicted defendants to regard habeas petitions as a mere routine maneuver.

On this basis, we conclude that petitioners have not been the victims of such delay as to warrant their release on bail at this time. Liberally construing the provisions of section 2243, it can be seen that the district court acted reasonably promptly in issuing the show cause orders and setting a date for a hearing on the matter. Moreover, it should be noted that the statute sets no time limit for disposition of the petition, and while we would not sanction unconscionable procrastination, we feel that the district court's actions in this case have not been unreasonable.

■■■■ Turning to petitioners' substantive complaints, only one is pressed on the issue of bail. Petitioners contend that the prosecution engaged in improper ex parte communications with the trial judge in the first trial and thereby deprived them of due process and effective assistance of counsel. It is alleged that the prosecutor asked for a number of certificates under the Uniform Law to Secure the Attendance of Witnesses From Without a State in Criminal Proceedings, Mass.G.L. c. 233, §§ 13A-13D, a law presently in effect in forty-five states. To secure such certificates the prosecutor vouched for the materiality of the putative witness' testimony, which in at least one case was reported to be personal knowledge of the actual crime for which petitioners were on trial. At the second trial—before the same judge, however—the certificates were processed by another judge of the court.

Even if it could be thought—without deciding—that petitioners present a substantial case, it cannot be said that they have a clear one. We see a significant difference between the prosecutor's presentencing remarks made, without con-

---

3. In 1941 there were 134 post state conviction petitions filed in the federal courts, see S.Rep.No.1097, 90th Cong., 2d Sess. (1968); in 1971, 12,145. See Director of the Administrative Office of the United States Courts, Annual Report (1971).

ceivable justification, to the sentencing judge in Haller v. Robbins, 1 Cir., 1969, 409 F.2d 857, and the seemingly routine processing under the Act of applications to secure witnesses from without the jurisdiction. We recognize no duty, either in the district court or in ourselves at this time, to go more deeply into the merits.

The petitions for bail are denied.