Leonard R. CHEREK,
Petitioner-Appellant,

v.

UNITED STATES of America,
Respondent-Appellee.

No. 85–2003.

United States Court of Appeals,
Seventh Circuit.

Submitted June 17, 1985.
Decided July 3, 1985.

James J. Ewers, Ewers Law Office, Madison, Wis., for petitioner-appellant.

Before BAUER, POSNER and EASTERBROOK, Circuit Judges.

POSNER, Circuit Judge.

On May 21, 1985, after the defendant's federal criminal conviction became final by the denial of his petition for certiorari seeking review of our order affirming the conviction, the district judge ordered the defendant to surrender to begin serving his sentence. The defendant immediately filed a motion under 28 U.S.C. § 2255 to set aside the conviction, and on May 31 the district judge stayed the surrender order and allowed the defendant to remain at liberty on his own recognizance pending disposition of the 2255 motion. The judge did this on the ground that clear and convincing evidence showed that the defendant was not likely to flee or pose a danger to public safety, which is the standard in 18 U.S.C. § 3143(a) for releasing on bail a federal criminal defendant who has been found guilty but has not yet begun to serve his prison sentence. On June 5, however, the judge retracted his order of May 31, on the ground "that it was no longer clear and convincing that the motion raised *a substantial question of law or fact likely to result in an order for a new trial.*" The words we have italicized are taken from 18 U.S.C. § 3143(b), as amended by the Bail Reform Act of 1984, which governs motions for bail pending appeal from a federal criminal conviction. The defendant has filed an emergency appeal, which the government opposes, from the order of June 5.

The first question is whether the order is appealable, given that it is an interlocutory order in the defendant's section 2255 proceeding. The First Circuit answered "no" in *Woodcock v. Donnelly*, 470 F.2d 93 (1st Cir.1972) (per curiam), but within a few months backed off slightly, see *Glynn v. Donnelly*, 470 F.2d 95, 96 and n. 1 (1st Cir.1972). *Iuteri v. Nardoza*, 662 F.2d 159, 161 (2d Cir.1981), answers "yes," and there is also support for this position in our decision in *Luther v. Molina*, 627 F.2d 71, 73 and n. 1 (7th Cir.1980) (dictum). Only *Glynn* and *Luther* cite *Stack v. Boyle*, 342 U.S. 1, 6, 72 S.Ct. 1, 4, 96 L.Ed. 1 (1951), where the Supreme Court held unanimously (see *id.* at 12, 72 S.Ct. at 7 (separate opinion of Jackson, J.)), on the basis of the then recently created "collateral order" doctrine of *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 545–47, 69 S.Ct. 1221, 1225–26, 93 L.Ed. 1528 (1949), that an order denying bail is appealable under 28 U.S.C. § 1291. *Luther* cites *Stack v. Boyle* noncommittally, while *Glynn* distinguishes *Stack v. Boyle* on the ground that it "rel[ied] explicitly on the existence of a constitutional or statutory right to bail pending trial," whereas bail pending decision on a petition for habeas corpus is discretionary. 470 F.2d at 97 n. 1. There is some verbal support for this distinction in the majority opinion in *Stack v. Boyle*, see 342 U.S. at 6, 72 S.Ct. at 4, but none in

Justice Jackson's concurrence, see *id.* at 12, 72 S.Ct. at 7, and none that we can think of in the logic of the "collateral order" doctrine.

Occasions to apply *Stack v. Boyle* have been few, because Congress made express provision in 18 U.S.C. § 3145 (formerly 18 U.S.C. § 3147) for appeal from orders granting or denying bail. But the authority of *Stack v. Boyle* as an interpretation of section 1291 remains unimpaired, judging from dicta in a variety of recent cases. E.g., *Flanagan v. United States*, 465 U.S. 259, 104 S.Ct. 1051, 1055, 79 L.Ed.2d 288 (1984) ("An order denying a motion to reduce bail may be reviewed before trial.... *Stack v. Boyle* ); *Abney v. United States*, 431 U.S. 651, 659 n. 4, 97 S.Ct. 2034, 2040 n. 4, 52 L.Ed.2d 651 (1977); *United States v. Celani*, 748 F.2d 363, 364–65 (7th Cir.1984).

■ Granted, as an original matter the question of appealability would be a difficult one. On the one hand, answering it "yes" might invite an endless number of appeals from denials of bail pending trial; on the other hand, "no" would seem contrary to the logic of the "collateral order" doctrine, since a person's right to liberty pending disposition of his case on the merits is (somewhat) distinct from the merits and, more important, is lost if it cannot be enforced till an appeal from the denial of final judgment. We might try to "duck" the question here by treating the appeal as a petition for mandamus under 28 U.S.C. § 1651(a) and Fed.R.App.P. 21(a), (b), which was the procedure followed in *United States v. DiRusso*, 548 F.2d 372, 374 (1st Cir.1976). But there is no occasion for such coyness. *Stack v. Boyle* resolves the issue in favor of appealability; and there is more than a little doubt whether a difficult question of appealability can be elided, especially in a criminal case, by relabeling the appeal a petition for mandamus. Cf. *Will v. United States*, 389 U.S. 90, 98, 88 S.Ct. 269, 275, 19 L.Ed.2d 305 (1967); *Roche v. Evaporated Milk Ass'n*, 319 U.S. 21, 30, 63 S.Ct. 938, 943, 87 L.Ed. 1185 (1943).

■ Coming at last to the merits, we point out first that the district court based both the May 21 and June 5 orders on the federal statute governing bail for persons accused of federal crimes. But that statute is inapplicable to a convicted defendant who is seeking postconviction relief, whether he is a state prisoner seeking federal habeas corpus under 28 U.S.C. § 2254, or, as here, a federal prisoner seeking relief under 28 U.S.C. § 2255, the habeas corpus substitute for federal prisoners. See *Ballou v. Commonwealth of Massachusetts*, 382 F.2d 292 (1st Cir.1967) (per curiam); *United States v. Dansker*, 561 F.2d 485 (3d Cir.1977) (en banc) (per curiam); 3A Wright, Federal Practice and Procedure: Crim. § 768, at p. 145 (2d ed. 1982); cf. *Baker v. Sard*, 420 F.2d 1342, 1343 (D.C. Cir.1969) (2-judge panel) (per curiam). Nevertheless, there is abundant authority that federal district judges in habeas corpus and section 2255 proceedings have inherent power to admit applicants to bail pending the decision of their cases, but a power to be exercised very sparingly. See *In re Wainwright*, 518 F.2d 173 (5th Cir. 1975) (per curiam); *Ostrer v. United States*, 584 F.2d 594, 596 n. 1 (2d Cir.1978); cf. *Jago v. United States District Court*, 570 F.2d 618 (6th Cir.1978); *Pfaff v. Wells*, 648 F.2d 689 (10th Cir.1981). The reasons for parsimonious exercise of the power should be obvious. A defendant whose conviction has been affirmed on appeal (or who waived his right of appeal, as by pleading guilty, or by foregoing appeal after being convicted following a trial) is unlikely to have been convicted unjustly; hence the case for bail pending resolution of his postconviction proceeding is even weaker than the case for bail pending appeal. And the interest in the finality of criminal proceedings is poorly served by deferring execution of sentence till long after the defendant has been convicted.

■ Although the statute governing bail pending appeal from a federal conviction, 18 U.S.C. § 3143(b), is inapplicable here, it should be plain from what we have just said that a defendant who cannot bring himself within its terms is not entitled to bail pending, not appeal—he has appealed

and lost—but decision of his postconviction motion. Although in deciding in effect to revoke the defendant's bail the judge applied the wrong standard, it was a more favorable standard than the defendant was entitled to. The judge's error was therefore harmless, and the denial of bail is therefore

AFFIRMED.