**UNITED STATES of America ex rel. Kenneth J. WEYTKOW, Petitioner,**

v.

**Michael LANE, et al., Respondents.**

**No. 87 C 5629.**

United States District Court, N.D. Illinois, E.D.

June 30, 1987.

Dennis A. Berkson, Chicago, Ill., for petitioner.

## MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

Kenneth Weytkow ("Weytkow") has just filed a 28 U.S.C. § 2254 ("Section 2254") habeas corpus petition challenging the constitutionality of his narcotics-related conviction in the Circuit Court of Cook County. In accordance with Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, this Court has reviewed the petition and dismisses it summarily.

Weytkow is one of the rare habeas petitioners who comes to the federal court system with the benefit of counsel rather than pro se. Accordingly the petition is forthright in acknowledging that:

1. Weytkow's contention in this District Court (a claim properly exhausted by an unsuccessful appeal to the Illinois Appellate Court, an unsuccessful petition for leave to appeal to the Illinois Supreme Court and an unsuccessful petition for certiorari filed with the United States Supreme Court) is based *solely* on a claimed Fourth Amendment violation [1]—the allegedly unconstitutional search and seizure that provided the evidence on which Weytkow was convicted.

2. In light of that lone ground for relief, Weytkow must somehow surmount the hurdle placed in his path by *Stone v. Powell*, 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976).

Weytkow and his counsel have undertaken an impossible burden. *Stone* could

---

1. Because it is both common and convenient, this Court follows the technically imprecise practice of referring directly to the Fourth Amendment, rather than to the Fourteenth Amendment (and in this instance its incorporation of the principles embraced by the Fourth Amendment), which must necessarily serve as the fount of any relief against a state conviction.

not be more directly in point. It posed the issue before the Court this way (*id.* at 489, 96 S.Ct. at 3050):

> The question is whether state prisoners—who have been afforded the opportunity for full and fair consideration of their reliance upon the exclusionary rule with respect to seized evidence by the state courts at trial and on direct review—may invoke their claim again on federal habeas corpus review.

Over the vigorous and lengthy dissent of Justice Brennan (joined by Justice Marshall) and a shorter dissent by Justice White, the Court gave that question a resounding "no" answer (*id.* at 494, 96 S.Ct. at 3052, footnotes omitted):

> In sum, we conclude that where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial.

*Stone* was entirely candid in what it did: It singled out Fourth Amendment claims for special treatment in habeas cases—different from all other constitutional issues (see Justice White's dissent, *id.* at 536, 96 S.Ct. at 3072)—precisely because of the majority's perception that the exclusionary rule derived from that Amendment called for such unique treatment. In doing so, the majority rejected (*id.* at 494 n. 37, 96 S.Ct. at 3052 n. 37) Justice Brennan's concern (*id.* at 517–18, 535, 96 S.Ct. at 3063–64, 3071) that *Stone*'s Fourth Amendment ruling was a harbinger of a drastic curtailment of federal habeas jurisdiction generally.

Nor has there been any suggestion that the Court is prepared to reexamine (let alone abandon) *Stone* and its special rule for Fourth-Amendment-based claims. At least as recently as last year the Supreme Court reconfirmed *Stone*'s vitality as having "removed from the reach of the federal habeas statutes a state prisoner's claim

'that evidence obtained in an unconstitutional search or seizure was introduced at his trial' unless the prisoner could show that the State had failed to provide him 'an opportunity for full and fair litigation' of his Fourth Amendment claim" (*Kuhlmann v. Wilson,* — U.S. ——, 106 S.Ct. 2616, 2623, 91 L.Ed.2d 364 (1986)).

All that being so, Weytkow's counsel is wholly unpersuasive in labeling the Fourth Amendment claim as a mixed question of law and fact, so as to enable Weytkow to invoke *Miller v. Fenton,* 474 U.S. 104, 106 S.Ct. 445, 88 L.Ed.2d 405 (1985) as a basis for independent federal-court reexamination of the search-and-seizure issues decided by the state courts. Weytkow has had his day—more accurately his days—in court. Nothing about his case distinguishes it from every other Fourth Amendment claim held foreclosed from federal habeas relief by *Stone.*

Accordingly "it plainly appears from the face of the petition ... that the petitioner is not entitled to relief in the district court" (Rule 4). This Court dismisses the petition summarily.[2]

---

**2.** This prompt disposition of Weytkow's petition on the merits moots his motion for bond pending resolution of the petition, a species of relief granted "very sparingly" in any event (see *Cherek v. United States,* 767 F.2d 335, 337 (7th Cir. 1985)).