**Frederick Leon DOTSON,
Petitioner–Appellant,**

v.

**J.J. CLARK, Warden, Memphis Federal
Correctional Institution,
Respondent–Appellee.**

No. 89–6196.

United States Court of Appeals,
Sixth Circuit.

Submitted Oct. 30, 1989.

Decided April 4, 1990.

Harden King, Jr., Tallahassee, Fla., for petitioner-appellant.

W. Hickman Ewing, Jr., U.S. Atty., Memphis, Tenn., for respondent-appellee.

Before MARTIN and BOGGS, Circuit Judges, and ZATKOFF, District Judge.*

BOYCE F. MARTIN, Jr., Circuit Judge.

The sole issue before us is whether a district court's decision granting or denying bail to a prisoner petitioning for habeas corpus relief pending review of the petition is appealable.

In a prior unpublished opinion in this case, this panel ruled that a district court's bail order for a state prisoner whose habeas corpus petition is pending before the district court is not appealable, 887 F.2d 1086. Upon a petition for rehearing, we now reconsider that decision.

There is a significant split in the circuits on the issue presented in this case. The Second, Third, Seventh, Eighth and District of Columbia Circuits have ruled that bail orders pending a review of habeas corpus petitions are appealable. *United States v. Smith,* 835 F.2d 1048 (3d Cir.1987); *Martin v. Solem,* 801 F.2d 324 (8th Cir.1986); *Guerra v. Meese,* 786 F.2d 414 (D.C.Cir.1986); *Cherek v. United States,* 767 F.2d 335 (7th Cir.1985); *Iuteri v. Nardoza,* 662 F.2d 159 (2d Cir.1981); *see also Gamble v. Jones,* No. 87–1093–CV–W–9–P 1988 WL 192542

---

* The Honorable Lawrence P. Zatkoff, United States District Judge for the Eastern District of Michigan, sitting by designation.

(W.D.Mo. June 21, 1988) (available on LEXIS). The First and Ninth Circuits have held that the bail orders are not appealable. *Land v. Deeds*, 878 F.2d 318 (9th Cir.1989); *Woodcock v. Donnelly*, 470 F.2d 93 (1st Cir.1972) (two judge panel); *but see Glynn v. Donnelly*, 470 F.2d 95, 96 n. 1 (1st Cir.1972) (panel including the two judges who decided *Woodcock* stating that *Woodcock* may have been too absolute a stand).

The circuits which have held that the bail orders are appealable have reasoned that bail determinations, even in a post-conviction relief proceeding, are appealable interlocutory orders under the collateral order doctrine of *Cohen v. Beneficial Industrial Loan Co.*, 337 U.S. 541, 545–547, 69 S.Ct. 1221, 1225–1226, 93 L.Ed. 1528 (1949). In *Cooper & Lybrand v. Livesay*, 437 U.S. 463, 468, 98 S.Ct. 2454, 2457–2458, 57 L.Ed.2d 351 (1978), the Court set out the collateral order requirements with greater specificity:

> To come within the "small class" of decisions excepted from the final judgment rule by *Cohen*, the order must conclusively determine the disputed question, resolve an important issue completely separate from the merits of the action, and be effectively unreviewable on appeal from a final judgment.

*See Henry v. City of Detroit Manpower Dept.*, 763 F.2d 757, 760–761 (6th Cir.1985) (*en banc*), *cert. denied*, 474 U.S. 1036, 106 S.Ct. 604, 88 L.Ed.2d 582 (1985).

In *Stack v. Boyle*, 342 U.S. 1, 72 S.Ct. 1, 96 L.Ed. 3 (1951), the Court held that a pre-trial bail determination met the collateral order requirements and was immediately appealable. The courts have relied on *Stack v. Boyle* to support their analysis that bail in habeas corpus proceedings meets the collateral order criteria. *See, e.g., Smith*, 835 F.2d at 1049; *Cherek*, 767 F.2d at 336–337.

The cases holding that habeas corpus bail decisions are not appealable have summarily stated that those decisions are not final judgments and do not fall within the collateral order exception. *See, e.g., Land*, 878 F.2d at 318; *Woodcock*, 470 F.2d at 94. While those decisions do not flesh out their analyses under *Cohen* or *Stack v. Boyle*, presumably the courts reasoned that unlike pre-trial bail decisions, habeas corpus bail decisions are necessarily tied to the merits of the petition for habeas corpus relief.

Interestingly, the courts which have rejected the appealability of the bail decision under the collateral order doctrine have considered the propriety of habeas bail decisions by treating them as petitions for mandamus. *See Land, supra; Woodcock, supra; see also Jago v. United States Dist. Ct. for the N.D. Ohio*, 570 F.2d 618 (6th Cir.1978) (state attack on district court's release of prisoner, pending new trial after decision on the merits and after initial denial of bail, was styled as a mandamus petition). As Judge Posner states in *Cherek*, "there is no occasion for such coyness.... there is more than a little doubt whether a difficult question of appealability can be elided, especially in a criminal case, by relabeling the appeal a petition for mandamus." 767 F.2d at 337.

■ We join the circuits which hold that habeas corpus bail decisions are appealable. The bail order is severable from the merits, it conclusively determines the disputed question, and is effectively unreviewable on appeal from a prior judgment. Although there is some merit to the argument that these bail decisions are often inextricably entwined with the merits of the habeas petitions, "[a] person's right to liberty pending disposition of his case on the merits is (somewhat) distinct from the merits." *Cherek*, 767 F.2d at 337. Indeed, while *Stack v. Boyle* clearly allows the interlocutory appeal of pre-trial bail decisions, those decisions are often based on the charges against the defendant—i.e., based on the merits.

Moreover, in *Jago v. United States Dist. Ct. for the N.D. Ohio*, involving a state's appeal of the district court's grant of bail to the petitioner pending retrial in state court after a habeas decision on the merits, we recognized situations where district courts grant bail pending a habeas corpus decision on the merits. 570 F.2d 621–622. In particular, we cited approvingly a case where the district court granted bail allowing the prisoner to go to a private hospital pending review of his habeas petition. *Id.* (citing *Johnston v. Marsh*, 227 F.2d 528 (3d Cir.1955)). In such situations, bail deci-

sions have nothing to do with a decision on the merits of the petition.

The decisions we join today do not distinguish the right to an appeal based on the fact that the petitioner is in state or in federal prison custody nor do we try to distinguish if the appeal is brought by the federal or state government. *See Smith, supra* (appeal by federal prisoner); *Martin v. Solem, supra* (appeal by state government); *Guerra v. Meese, supra* (appeal by federal government); *Cherek, supra* (appeal by federal prisoner); *Iuteri v. Nardoza, supra* (appeal by state government); *Gamble v. Jones, supra* (appeal by state prisoner). Contrary to some suggestions, we believe there is no reason to make such a distinction. The analysis under *Cohen* and *Stack v. Boyle* applies to both state and federal habeas situations because although state habeas petitioners must assert a constitutional error in their confinement, bail determinations pending habeas review are separate from the merits of the petition whether it asserts a constitutional or nonconstitutional error. *See Cherek,* 767 F.2d at 337 (suggesting that the analysis applies to both state and federal habeas petitions). While 18 U.S.C. § 3731 guarantees the federal government's right to appeal the release of a federal prisoner on bail pending a review of a habeas decision, no such statutory guarantee is provided for state governments. Consequently, we believe that our decision is important to not only protect the rights of prisoners but the rights of state governments as well.

We do not believe that this decision will result in a tidal wave of appeals for this court. Even those courts which have ruled that habeas bail decisions are not appealable have effectively allowed their appeal by treating them as petitions for mandamus; therefore, we fail to see how this decision will contribute to a swollen docket. Moreover, as a practical matter, the motions for bail will be denied in most of the habeas proceedings. Thus, few government appeals will be lodged. In order to receive bail pending a decision on the merits, prisoners must be able to show not only a substantial claim of law based on the facts surrounding the petition but also the existence of "some circumstance making [the motion for bail] exceptional and deserving of special treatment in the interests of justice." *Aronson v. May,* 85 S.Ct. 3, 5, 13 L.Ed.2d 6, 9 (1964) (Douglas, J., in chambers); *see Martin v. Solem,* 801 F.2d at 329–330; *Iuteri v. Nardoza,* 662 F.2d at 161. There will be few occasions where a prisoner will meet this standard. Moreover, it is doubtful that the district court or a circuit judge will issue the certificate of probable cause for an appeal required for appeals by state habeas petitioners in Federal Rule of Appellate Procedure 22(b) unless the claim reflects clear merit.

■ While we find that the petitioner may appeal the denial of bail in this case, he has failed to meet the standard required for bail. Finding no substantial claim that the petitioner is confined in violation of the constitution, we need not reach the issue of whether some exceptional circumstances are present which deserve special treatment in the interests of justice.

We vacate our earlier decision and affirm the district court's denial of bail pending its review of the habeas petition.