Robert LEE, Jr., Petitioner–Appellant,

v.

John JABE, Respondent–Appellee.

No. 92–1745.

United States Court of Appeals, Sixth Circuit.

Submitted March 12, 1993.

Decided and Filed April 2, 1993.

---

Robert Lee, Jr. (briefed), pro se.

Kathleen Davison Hunter, Asst. Atty. Gen. (briefed), Office of the Atty. Gen., Habeas Div., Lansing, MI, for respondent-appellee.

Before: JONES and GUY, Circuit Judges; and LIVELY, Senior Circuit Judge.

RALPH B. GUY, JR., Circuit Judge.

Petitioner, Robert Lee, Jr., filed a habeas petition in district court challenging his custody under a state conviction. While this action was pending, Lee filed a motion for bond. The district court denied the motion and Lee filed this appeal.

Subsequent to filing his notice of appeal, petitioner sought a certificate of probable cause from the district court, which was denied on July 21, 1992. On August 11, 1992, respondent filed a motion seeking to have this appeal held in abeyance until this court determines whether a certificate of probable cause is a necessary prerequisite to appeal an order denying bail during the pendency of a habeas action. We denied the motion to hold the appeal in abeyance and granted a limited certificate of probable cause. We further directed that the parties address two issues: (1) whether a certificate of probable cause is required to appeal a district court's denial of bail pending disposition of a habeas action; and (2) whether the district court erred in denying bail. We now address these two issues.

## I.

■ Until recently, it was unclear in this circuit whether an order denying bail pending disposition of a habeas action was appealable. We resolved this issue in 1990 when we joined those circuits which concluded that the denial or granting of bail is appealable under the collateral order doctrine of *Cohen v. Beneficial Industrial Loan Co.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). *Dotson v. Clark*, 900 F.2d 77 (6th Cir.1990).

In *Dotson*, we addressed whether the result of our holding "will result in a tidal wave of appeals...." *Id.* at 79. In concluding that it would not, we noted:

There will be few occasions where a prisoner will meet [the] standard [for bail]. Moreover, it is doubtful that the district court or a circuit judge will issue the certificate of probable cause for an appeal required for appeals by state habeas petitioners in Federal Rule of Appellate Procedure 22(b)....

*Id.*

Subsequent to our decision in *Dotson*, the Second Circuit addressed this precise issue in *Grune v. Coughlin*, 913 F.2d 41 (2d Cir.1990). The court in *Grune* joined us in holding that an order denying bail is appealable, but went on to specifically hold:

Before an appeal by a party seeking habeas relief pursuant to section 2254 may proceed, the party must obtain a certificate of probable cause. 28 U.S.C. § 2253; Fed.R.App.P. 22(b); *see Latella v. Jackson*, 817 F.2d 12, 13 (2d Cir.1987) (per curiam), *cert. denied*, 484 U.S. 1010, 108 S.Ct. 708, 98 L.Ed.2d 658 (1988). We construe this requirement as extending not only to the final determination of the merits but also to an order denying bail. *See Dotson*, 900 F.2d at 79. The interest served by the certificate of probable cause requirement—relieving the state and the court system of the burdens resulting from the litigation of insubstantial appeals—is equally served whether the order appealed is a final disposition of the merits or a collateral order.

*Id.* at 44.

■ Although the Second Circuit cited to *Dotson*, it is not clear whether our comments relative to certificates of probable cause in *Dotson* were central to our decision or just dicta. If we did not decide this question in *Dotson*, we do now, and con-

clude as did the Second Circuit that a certificate of probable cause is a prerequisite to appealing the denial of a bail motion in a habeas proceeding. Our reasons are no different than those set forth in *Grune*. The same considerations that dictate a certificate of probable cause be required before appealing the denial of a habeas petition apply with equal force to an attempt to appeal an interlocutory and collateral order.

Since the petitioner did seek a certificate of probable cause from the district court, albeit after filing his notice of appeal, and since we granted a limited certificate of probable cause following the district court's denial, we are able to address the merits of petitioner's appeal from the denial of bail.

## II.

In *Dotson*, we stated:

In order to receive bail pending a decision on the merits, prisoners must be able to show not only a substantial claim of law based on the facts surrounding the petition but also the existence of "some circumstance making [the motion for bail] exceptional and deserving of special treatment in the interests of justice." *Aronson v. May*, 85 S.Ct. 3, 5, 13, L.Ed.2d 6, 9 (1964) (Douglas, J., in chambers); *see Martin v. Solem*, 801 F.2d [324] at 329–330 [ (8th Cir.1986) ]; *Iuteri v. Nardoza*, 662 F.2d [159] at 161 [ (2nd Cir.1981) ]. There will be few occasions where a prisoner will meet this standard.

900 F.2d at 79.

Since a habeas petitioner is appealing a presumptively valid state conviction, both principles of comity and common sense dictate that it will indeed be the very unusual case where a habeas petitioner is admitted to bail prior to a decision on the merits in the habeas case.

In this case, petitioner bases his habeas petition on a claim that he was denied due process in the state proceedings, which have resulted in denial of parole up to this point in time.[1]

Since petitioner must show the violation of a constitutional right to be successful in his habeas proceeding, and since there is no constitutional or inherent right to parole, petitioner has a hard row to hoe to say the least. *Greenholtz v. Inmates of The Nebraska Penal & Correctional Complex*, 442 U.S. 1, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979).

We find it unnecessary to analyze Lee's habeas claims in any detail. Even if we were to conclude that his petition raises a substantial question of law, "[m]erely to find that there is a substantial question is far from enough." *Glynn v. Donnelly*, 470 F.2d 95, 98 (1st Cir.1972).

Lee has just completed the minimum sentence imposed by the court and has a serious prior felony record. The alleged deviations from procedures which he alleges, even if accepted as true, are relatively minor. There is nothing to even suggest that, if the parole authorities had proceeded in exactly the manner that Lee contends they should have, their decision would be any different. We review a district court's denial of bail under an abuse of discretion standard. We find no abuse here.

**AFFIRMED.**

---

1. Lee is serving a sentence of 8–15 years as a result of being convicted on two counts of third-degree sexual conduct. Petitioner was on pa-role at the time he committed these crimes and has two previous convictions for sex crimes.