25 F.3d 1049
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Ronald William MORGAN, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 93-2267.
 United States Court of Appeals, Sixth Circuit.
 May 11, 1994.
 
 Before: KEITH and SUHRHEINRICH, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 
 ORDER
 
 1
 Ronald William Morgan, pro se, appeals a district court order denying his motion for release on bail pending disposition of his motion to vacate which he filed under 28 U.S.C. Sec. 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In April of 1991, a grand jury returned an indictment charging Morgan with various drug offenses. In January of 1992, after a jury heard three days of testimony, Morgan pled guilty to one count of conspiring to commit a drug offense pursuant to an agreement under Fed.R.Crim.P. 11. Although the court initially permitted Morgan to remain free until his sentencing, the district court issued a bench warrant for his arrest, on March 5, 1992, because Morgan had failed to comply with his conditions of bond and had failed to notify Pretrial Services of a change in address.
 
 
 3
 Morgan's conviction and sentence were affirmed by this court on appeal. While his direct appeal was pending in this court, Morgan filed a motion to vacate his sentence pursuant to 28 U.S.C. Sec. 2255. He also filed a motion for release pending his direct appeal, which was denied by the district court and affirmed by this court in an order dated October 13, 1992. Morgan also filed, during the pendency of his direct appeal in this court, a motion for release on bail pending disposition of his Sec. 2255 motion to vacate. The district court denied this motion on September 8, 1993, in the order now before the court for review.
 
 
 4
 On appeal, Morgan argues that the district court will lack "crucial information" to decide his Sec. 2255 motion if he is not permitted the opportunity, through his release, to secure testimony and affidavits showing an invasion of his right to the attorney-client privilege. Morgan alleges that this violation of rights occurred during the investigation and seizure leading to his arrest. He also argues that he is entitled to release by the fact that the district court has failed to render a timely decision in regard to his Sec. 2255 motion.
 
 
 5
 A grant of bail is discretionary with the district court, and an appellate court reviews such habeas bail decisions only for an abuse of discretion. Landano v. Rafferty, 970 F.2d 1230, 1238 (3d Cir.), cert. denied, 113 S.Ct. 412 (1992). Habeas corpus bail decisions are appealable under the collateral order doctrine announced in Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 545-47 (1949). Dotson v. Clark, 900 F.2d 77, 78-79 (6th Cir.1990). In order to be granted bail pending disposition of a habeas petition, the petitioner must be able to show not only a substantial claim of law based on the facts surrounding the petition, but also the existence of some circumstances making the motion exceptional and deserving of special treatment in the interests of justice. Dotson, 900 F.2d at 79 (quoting Aronson v. May, 85 S.Ct. 3, 5 (1964)). Exceptional circumstances must exist to warrant granting bail, along with a substantial likelihood of success in the Sec. 2255 motion. See Dallo v. INS, 765 F.2d 581, 589 (6th Cir.1985) (Sec. 2241 petition).
 
 
 6
 Morgan presents no arguments that describe "exceptional circumstances" deserving special treatment during the pendency of his habeas corpus appeal. The grounds that he does present are factors to be considered as a basis for granting or denying a writ of habeas corpus, rather than factors to be considered in a bail decision. Landano, 970 F.2d at 1241. Morgan's case is further weakened by the fact that this court denied his prior motion for bail pending appeal. See Cherek v. United States, 767 F.2d 335, 337 (7th Cir.1985). Lastly, there is no merit to Morgan's argument that the district court's delay in processing his Sec. 2255 motion is a sufficient ground to grant his motion for bail pending the disposition of the case.
 
 
 7
 Accordingly, the district court's order denying Morgan's motion for bail pending the disposition of his Sec. 2255 motion is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.