**Wayne Blyth HEALY, Petitioner**

v.

**Luis SPENCER, et al, Respondents**

**No. CIV.A.03–30031 MAP.**

United States District Court,
D. Massachusetts.

Dec. 28, 2005.

David M. Lieber, Assistant Attorney General, Criminal Bureau, Boston, MA, for Luis Spencer, Thomas F. Reilly, Respondents.

Maura D. McLaughlin, Office of the Attorney General, Boston, MA, for Luis Spencer, Respondent.

Natalie S Monroe, Attorney General's Office, Boston, MA, for Luis Spencer, Thomas F. Reilly, Respondents.

Wendy Sibbison, Greenfield, for Wayne Blyth Healy, Petitioner.

*MEMORANDUM AND ORDER REGARDING MOTION FOR ORDER OF CONDITIONAL RELEASE AND MOTION FOR RELEASE ON PERSONAL RECOGNIZANCE OR OTHER APPROPRIATE BAIL CONDITIONS*

(Docket Nos. 79 & 80)

PONSOR, District Judge.

The court has this day ordered entry of partial judgment pursuant to Fed.R.Civ.P. 54(b) on Ground One of this Petition for *Habeas* Relief. In addition, the court has ordered Respondent to release Petitioner as of March 1, 2006, unless the Commonwealth on or before that date recommences criminal proceedings against Petitioner.

The purpose of this Memorandum is to establish conditions of release in the event that the Commonwealth decides to pursue an appeal of the court's ruling prior to any decision regarding the recommencement of criminal proceedings. As will be seen, the court will also address the issue of whether Petitioner would be entitled to release on conditions, even if the Court of Appeals concluded that entry of partial judgment under Rule 54(b) was inappropriate.

Fed. R.App. P. 23(c) states that a prisoner "must" be released on personal recognizance, with or without surety, pending appellate review of any release order. In this case, the arguments favoring release are strong.

First, for the reasons set forth in the court's Memorandum of November 8, 2005, the Commonwealth's *Brady* violation at Petitioner's trial was particularly grave. The case, as the trial judge repeatedly noted, was built entirely on circumstantial evidence and presented a very close question for the jury. The prosecutor emphasized what the SJC referred to as "the homosexual element to [the] murder," in his closing argument. *Commonwealth v. Healy*, 393 Mass. 367, 471 N.E.2d 359, 373 (1984) [*Healy I*]. Indeed, the Commonwealth's assertion of the sexual circumstances of the murder was an "especially relevant" part of the Commonwealth's case. *Commonwealth v. Healy*, 438 Mass. 672, 783 N.E.2d 428, 436 n. 10 (2003) [*Healy II*]. Under these circumstances, the Commonwealth's suppression of virtually the only objective evidence (albeit not totally conclusive) that no sexual encounter occurred in the context of the murder handicapped the defense in an obviously devastating manner. Petitioner's position on appeal seems unusually strong on the facts of this case.

Second, the evidence of any risk of flight or risk to the community resulting from Petitioner's release is minimal. Petitioner, at his original trial, was released on only $10,000 bond and appeared religiously at his trial. The court's conditions of release will require virtually all of Petitioner's existing relatives to post the equity in their real estate, to the sum of $462,000, as security for Petitioner's appearance. Petitioner had no criminal record prior to his prosecution twenty-five years ago, and he possesses an outstanding record during his confinement for charitable and religious activities. Unlike many individuals incarcerated for such a long period of time, he retains extremely close relations with family members, who are not only willing to post their property, but are willing to offer him a home and employment if he is released.

In opposition to these factors, the Commonwealth can point to only two things: first, the fact that Petitioner is serving a life sentence, and second, that the crime itself was unusually brutal. Both these factors are true, but do not distinguish this case from many, if not most, *habeas* situations. Under these circumstances, release under Rule 23(a) is appropriate, pursuant to the conditions set forth below.

As noted above, even if entry of partial judgment under Rule 54(b) is found not to be appropriate, this case presents the sort of "extraordinary circumstances" where release pending completion of *habeas* proceedings is appropriate. In *Glynn v. Donnelly*, 470 F.2d 95 (1st Cir.1972), the First Circuit noted that, in exceptional circumstances, a court could grant bail prior to the ultimate decision on a petition for *habeas corpus*. *Id.* at 98. Here, exceptional circumstances exist. First, but for the evidentiary proceeding which remains, Petitioner would be entitled to release under Fed. R.App. P. 23(c). This technical bar to release is in itself an exceptional circumstance. Moreover, the factors favoring release, the strength of the evidence supporting *habeas* relief for the *Brady* violation, the utter absence of any risk of flight or risk to the community, and the weakness of any countervailing arguments, all favor release.

For the foregoing reasons, Petitioner's Motions for Order of Conditional Release and for Release on Personal Recognizance (Docket Nos. 79 & 80) are both hereby ALLOWED. Unless the Commonwealth recommences criminal proceedings against him, Petitioner is ordered released no later than March 1, 2006 on the following conditions: (1) Petitioner will reside with his sister, Linda Healy, at 128 South Street, Granby, Massachusetts; (2) Petitioner will

report daily by telephone to Federal Pretrial Services; (3) Petitioner will remain in the home at 128 South Street except for medical appointments, legal appointments, and religious services with prior approval by Pretrial Services; (4) Petitioner will post a surety bond in the amount of $400,000.00, secured by agreements to forfeit real estate owned by relatives and friends, as set forth in Paragraph 3 of Petitioner's Proposed Conditions of Release (Dkt.85); (5) Petitioner will maintain employment with his sister in her business; (6) Petitioner will surrender any passport he owns and will refrain from obtaining any passport; (7) on the limited occasions where he is allowed out of his home, Petitioner's travel will be restricted to Hampden and Hampshire Counties; and (8) Petitioner will possess no firearms or other dangerous weapons and will not commit any federal, state, or local crime during the period of his release.

It is So Ordered.