ALICE M. BATCHELDER, Circuit Judge.
Petitioner Karl Wingo (“Wingo”) seeks reversal of the district court’s denial of his motion for relief under 18 U.S.C. § 2255, and of his motion for bond pending the appeal of the denial of that motion. Neither claim has merit. We affirm.
I.
Finding that he had been denied counsel at a critical stage of the criminal proceedings — namely, during his debriefing sessions with the government as part of his entering into a plea agreement' — -the district court originally granted Wingo’s § 2255 motion on November 27, 2006, and vacated his conviction for participating in a continuing criminal enterprise (“CCE”) in violation of 21 U.S.C. § 848 (2006). Wingo v. United States, No. 04-71558, 2006 WL 3446255 (E.D.Mich. Nov.27, 2006). The government moved for reconsideration, arguing that the record did not support Win-go’s claim. The district court granted the motion, held another evidentiary hearing, and in an August 29, 2007, opinion, held that even if Wingo was denied counsel at a critical stage, and specifically at the point when Wingo signed the “Kastigar ” [1] letter granting him immunity in exchange for his pleading guilty and cooperating with the government, the government had shown that he was not prejudiced by the denial. Wingo v. United States, No. 04-71558, 2007 WL 2480731, at *4 (E.D.Mich. Aug.29, 2007). The court held that Wingo was therefore not entitled to relief, and reinstated the CCE conviction. The district court granted a certificate of appeala-bility (“COA”) on the sole question of whether Wingo’s Sixth Amendment right to effective assistance of counsel was violated when his trial counsel was absent during debriefing sessions with government agents. This appeal followed.
Ineffective-assistance-of-eounsel claims present mixed questions of law and fact, which we review de novo. Mallett v. United States, 334 F.3d 491, 497 (6th Cir.2003). In this appeal, Wingo claims that his counsel failed to explain the limited extent of the immunity granted to Wingo by the Kastigar letter, did not attend the debriefings, and “provided erroneous advice about the sentence Wingo would be exposed to if convicted at trial, resulting in Wingo’s rejection of a plea offer made during the debriefings,” and in the government’s using against him at trial the information that Wingo had provided during the debriefings.
We turn first to Wingo’s claim that his counsel failed to explain the scope of the possible penalties for the offenses with which Wingo was charged. Wingo has attempted to couch this claim as prejudice he suffered because his counsel was not present during the debriefings. Our review of his § 2255 motion and of the record, however, satisfies us that he never *134 presented this claim to the district court. We therefore agree with the government that it is not included within the COA. Furthermore, even if we could interpret the COA to include this claim, it is abundantly clear from the record that the claim is baseless. Prior to the debriefings, Win-go signed at least two acknowledgments that he understood the minimum and maximum penalties for the offenses with which he was charged. The plea agreement that he rejected — but which he now claims he would have accepted had he been correctly advised of the possible penalties — included that information. Wingo is not entitled to relief on this claim.
It is undisputed that Wingo’s counsel was not physically present at the Kastigar debriefings Wingo attended. Wingo claims that these sessions were a critical stage of the proceedings, and the absence of his counsel at these sessions denied him his Sixth Amendment right to effective assistance of counsel. This, he argues, was a per se violation of his Sixth Amendment rights. See United States v. Cronic, 466 U.S. 648, 659, 104 S.Ct. 2089, 80 L.Ed.2d 657 (1984). The district court was initially persuaded by this argument, and in its November 2006 opinion, vacated the CCE conviction. However in reinstating that conviction in August 2007, the court essentially presumed Strickland v. Washington’s first prong, the deficient performance of counsel. Wingo, 2007 WL 2480731 at *3; see generally Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Moving directly to the prejudice prong, the court found none, concluding that the government had demonstrated that it had obtained the identity of Michael Zajac from independent sources, Wingo, 2007 WL 2480731 at *4, and that Zajac was the only witness whose testimony had played a significant role in the case against Wingo, id. at *3, n. 5. The court further concluded that the record did not support Wingo’s claim that the government had used Wingo’s statements to persuade Zajac to testify against Wingo. Id. at *4. Because the court had found in its 2006 opinion that these were Wingo’s only claims of prejudice that had any substance, the court found that Wingo had failed to demonstrate prejudice.
We will assume for purposes of this appeal that Wingo’s first debriefing — the session at which Wingo signed the Kasti-gar letter — was a critical stage of the proceedings, such that the total absence of counsel would require us to presume prejudice. See Cronic, 466 U.S. at 659, 104 S.Ct. 2039. The evidence, however, refutes any claim of total absence of counsel at that debriefing. The record contains some evidence that Stephen Glass, Wingo’s attorney at the time of the initial debriefing, had reviewed the Kastigar letter with Wingo prior to the debriefing. Wingo, 2006 WL 3446255 at *3 (recounting that Glass testified as to this being his usual practice and that AUSA Waterstreet confirmed that this had been done). More importantly, the record demonstrates that during that initial debriefing on February 13, 1992, Wingo spoke with Glass by telephone, and Glass advised him to sign the cooperation agreement. Id. at *4; see Wright v. Van Patten, 552 U.S. 120, 128 S.Ct. 743, 746-747, 169 L.Ed.2d 583 (2008) (putting off a direct disposition of the issue of “the merits of telephone practice,” but holding that the lower courts’ findings that counsel’s presence by telephone was not deficient performance was not an unreasonable application of federal law).
The facts of this case do not support Wingo’s Cronie claim. And once Wingo— with the advice of counsel — had signed the Kastigar letter and agreed to cooperate with the government, the debriefings ceased to be adversarial proceedings *135 where Wingo’s rights were in danger of being “irretrievably lost” if not safeguarded by the presence of counsel. See Van v. Jones 475 F.3d 292, 298 (6th Cir.2007). Wingo must therefore demonstrate that his counsel’s performance was not only deficient, but resulted in actual prejudice. We have carefully reviewed the record, and conclude that for the reasons explained by the district court, Wingo cannot carry that burden.
II.
Wingo also challenges, pro se, the district court’s denying him bond while his 28 U.S.C. § 2255 motion was pending. This is a claim without merit. The test for granting bond during the pendency of a § 2255 was set forth in Aronson v. May, 85 S.Ct. 3, 13 L.Ed.2d 6 (1964), which we interpreted in Dotson v. Clark, 900 F.2d 77 (6th Cir.1990). It requires that (1) the § 2255 motion present substantial questions (principal among them a showing that challenging the sentence in the district court was inadequate or ineffective), and (2) there exists “some circumstance making this application exceptional and deserving of special treatment in the interests of justice.” Aronson, 85 S.Ct. at 5; Dotsan, 900 F.2d at 79 (quoting Aronson).
As we said in Dotson, “[tjhere will be few occasions where a prisoner will meet this standard. Moreover, it is doubtful that the district court or a circuit judge will issue the certificate of probable cause for an appeal required for appeals by state habeas petitioners in Federal Rule of Appellate Procedure 22(b) unless the claim reflects clear merit.” Id. Here, there was no certificate of appealability issued on this ground. But even if there had been, our analysis of the claims raised in Wingo’s § 2255 motion forecloses our finding that either the remedy in the sentencing court was inadequate or that this case presents exceptional circumstances.
III.
For the foregoing reasons, we AFFIRM the judgment of the district court.

. See Kastigar v. United States, 406 U.S. 441, 92 S.Ct. 1653, 32 L.Ed.2d 212 (1972).