**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 15-6630**

_____

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

          v.

JULIUS NESBITT, a/k/a Butch,

                    Defendant - Appellant.

_____

Appeal from the United States District Court for the District of
South Carolina, at Charleston.  David C. Norton, District Judge.
(2:08-cr-01153-DCN-1)

_____

Submitted:  July 23, 2015          Decided:  July 28, 2015

_____

Before NIEMEYER and KING, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

_____

Dismissed by unpublished per curiam opinion.

_____

Julius Nesbitt, Appellant Pro Se. Emmanuel Joseph Ferguson, OFFICE
OF THE UNITED STATES ATTORNEY, Charleston, South Carolina for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Julius Nesbitt seeks to appeal the district court's order denying his motion for release on bail pending review of his motion filed under 28 U.S.C. § 2255 (2012). We may exercise jurisdiction only over final orders, see 28 U.S.C. § 1291 (2012), and certain interlocutory and collateral orders. See 28 U.S.C. § 1292 (2012); Fed.R.Civ.P. 54(b); Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541 (1949). The Supreme Court has long held that a pre-trial order denying a motion to reduce bail in a criminal prosecution is appealable as a collateral order. See Stack v. Boyle, 342 U.S. 1, 12 (1951). The majority of the circuits have extended the collateral order doctrine to encompass an order denying a motion for release on bail pending disposition of a habeas corpus petition or a motion to vacate under 28 U.S.C. §§ 2254, 2255 (2012). See, e.g., Pagan v. United States, 353 F.3d 1343, 1346 (11th Cir. 2003); Dotson v. Clark, 900 F.2d 77, 78 (6th Cir. 1990); United States v. Smith, 835 F.2d 1048, 1049 (3d Cir. 1987); Martin v. Solem, 801 F.2d 324, 328 (8th Cir. 1986); Guerra v. Meese, 786 F.2d 414, 418 (D.C.Cir. 1986); Cherek v. United States, 767 F.2d 335, 337 (7th Cir. 1985); Iuteri v. Nardoza, 662 F.2d 159, 161 (2d Cir. 1981). Following the reasoning of these decisions, we consider the district court's denial of Nesbitt's motion to be a final order under the collateral order doctrine.

An appeal may not be taken from the final order in a § 2255 proceeding unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1) (2012). A certificate of appealability will not issue for claims addressed by a district court absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2012). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683 (4th Cir. 2001). We have independently reviewed the record and conclude that Nesbitt has not made the requisite showing. Accordingly, we deny a certificate of appealability and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

3