**Arnold I. KRAMER,**
**Petitioner-Appellant,**

v.

**O.C. JENKINS, Warden, and United States Parole Commission,**
**Respondents-Appellees.**

**No. 86–1849.**

United States Court of Appeals,
Seventh Circuit.

Submitted July 30, 1986.

Decided Sept. 11, 1986.

See also, 108 F.R.D. 429.

Julius L. Echeles, Sharon C. Kramer, Chicago, Ill., for petitioner-appellant.

Anton R. Valukas, U.S. Atty., Chicago, Ill., for respondents-appellees.

Before WOOD, CUDAHY and POSNER, Circuit Judges.

PER CURIAM.

We write in brief amplification of our order of July 7 (which the petitioner has asked us to reconsider) denying bail pending our review of the district court's order denying a petition for habeas corpus under 28 U.S.C. § 2241. Our order was based on *Cherek v. United States,* 767 F.2d 335 (7th Cir.1985), where we held that, although a federal district judge has the power to admit to bail petitioners for postconviction collateral relief (such as habeas corpus for state prisoners, 28 U.S.C. § 2254, or the habeas corpus substitute for federal prisoners, 28 U.S.C. § 2255), the power is "to be exercised very sparingly.... A defendant whose conviction has been affirmed on appeal (or who waived his right of appeal ...) is unlikely to have been convicted unjustly; hence the case for bail pending resolution of his postconviction proceeding is even weaker than the case for bail pending appeal. And the interest in the finality of criminal proceedings is poorly served by deferring execution of sentence till long after the defendant has been convicted." *Id.* at 337.

Kramer points out that he is not attacking his conviction or sentence, but merely arguing that the applicable parole statute and regulations entitle him to an immediate parole, although the district court disagreed. And it is true that granting bail pending decision of the appeal from the district court's decision would interrupt rather than postpone the commencement of Kramer's imprisonment. But we have decided nevertheless that the case is within the orbit of *Cherek.* Only in exceptional circumstances will we admit to bail a prisoner who is appealing from the denial of his challenge to the Parole Commission's refusal to grant an immediate parole. To grant bail in such cases would be tantamount to the judicial grant of a temporary parole. We may assume that in truly exceptional circumstances, where the Commission was acting in a patently lawless fashion, judicial power exists to protect the prisoner; but this is not such a case. The motion to reconsider our previous order is therefore

DENIED.