53 F.3d 333
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Debra CHRISTIE, Petitioner/Appellant,
v.
Nona T. SWITALA, Respondent/Appellee.
 No. 93-2217.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 26, 1995.*
Decided April 28, 1995.
 
 Before Pell, Manion and ILANA DIAMOND ROVNER, Circuit Judges.
 
 ORDER
 
 1
 Debra Christie, an inmate at the Taycheedah Correctional Institution in Fond du Lac, Wisconsin, appeals from the district court's denial of her petition for a writ of habeas corpus. 28 U.S.C. Sec. 2254. Christie alleged that she was unlawfully apprehended on June 27, 1990 and had since been detained illegally, even though she was on parole and a state court had ordered her immediate release. The district court ruled that Christie's continued confinement does not violate Christie's Eighth Amendment right to be free from cruel and unusual punishment or her due process rights under the Fifth and Fourteenth Amendments because Christie's parole was revoked and Christie did not prevail in her state habeas corpus proceeding as she claimed.
 
 
 2
 We presume the state court's findings of historical fact to be correct unless not fairly supported by the record, and review de novo questions of law and mixed questions of law and fact. Lord v. Duckworth, 29 F.3d 1216, 1219 (7th Cir.1994). Christie does not contest that her parole was initially revoked after a revocation hearing on May 3, 1990. Her due process and Eighth Amendment claims rest entirely on her factual allegation that the department of corrections had reversed the revocation decision on appeal and reinstated her parole. In support of her allegation, Christie submitted photocopies of (1) a May 24, 1990 "Order for Parole," signed by Stephen E. Bablitch, then secretary of Wisconsin's department of corrections, purporting to reverse the revocation decision and to direct the superintendent of the institution to release Christie immediately, (2) a form DOC-10, dated June 11, 1990 and signed by Taycheedah Registrar Mary Martin, outlining Christie's parole rules, and (3) Martin's affidavit verifying the DOC-10 form. Christie asserted that although she was released on June 10, 1990, she was wrongfully returned to custody on June 27, 1990.
 
 
 3
 Contrary to Christie's allegation, Christie's parole was never reinstated, and the revocation of her parole was affirmed by the Wisconsin Court of Appeals in State ex rel. Christie v. Schneider, No. 91-0543, (Wis.App. Feb. 26, 1992). Although Christie appeared to have relied on the May 24, 1990 "Order of Parole" to be released from prison on June 10, 1990, the state claimed that Christie had forged the document. Mr. Bablitch and Ms. Martin both denied ever signing the documents Christie submitted to the district court which were the same documents Christie had submitted to the state court in her habeas corpus proceeding. Significantly, Mr. Bablitch, who had allegedly signed the May 24, 1990 parole order, asserted that as of the beginning of 1990, he had no authority to reverse revocation decisions or to order parole. In fact, Christie was convicted of escaping from prison on June 10, 1990, adding four more years to her sentence. She was also charged with forgery and uttering relating to the documents allegedly prepared and signed by Ms. martin on June 11, 1990.[1]
 
 
 4
 Christie also alleged that in the state habeas corpus proceeding, Judge Buslee of Fond du Lac County Circuit Court had ordered her immediate release, and that despite the court order, the respondent continued to detain her. Christie pointed to a September 13, 1991 hearing in which Judge Buslee, after determining that a copy of the May 24, 1990 "Order for Parole" was on file in the central records office of the department of correction, stated that he was going to order Christie's immediate release unless the state had some compelling reasons why he should not. Despite Judge Buslee's inclination to order Christie's release during the hearing, he remanded Christie to imprisonment to await further proceedings. Based upon further submissions by the state, Judge Buslee ultimately entered a final order concluding that Christie was legally detained. The Wisconsin Court of Appeals subsequently affirmed the denial of Christie's habeas corpus petition, finding that Christie was incarcerated due to the revocation of her parole and the four-year sentence arising out of her June 10, 1990 escape from prison. There is no factual basis for Christie's allegation that she is currently wrongfully detained, and thus, her constitutional claims, upon which federal habeas corpus jurisdiction rests, must fail.
 
 
 5
 Finally, Christie argues that the district court erred in failing to conduct an evidentiary hearing to determine the factual dispute of whether her parole was reinstated and thus whether her imprisonment is lawful.[2] However, none of the circumstances outlined by the Supreme Court in Townsend v. Sain, 372 U.S. 293, 313 (1963), overruled in other respects by Keeney v. Tamayo-Reyes, 112 S.Ct. 1715 (1992), and codified in 28 U.S.C. Sec. 2254(d) exists to call for an evidentiary hearing. The state's fact-finding procedures in Christie's state habeas corpus proceedings provided Christie a full and fair hearing. See Cartee v. Nix, 803 F.2d 296, 298-99 (7th Cir.1986), cert. denied, 480 U.S. 938 (1987). The merits of the factual dispute were resolved by the state court and the determination was fairly supported by the record. It was not error, therefore, for the district court to refuse to hold an evidentiary hearing.
 
 
 6
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and record
 
 
 [1]
 There is no indication in the record concerning the disposition of that forgery case
 
 
 [2]
 Christie also challenges the district court's denial of her request for bail pending the disposition of her habeas corpus petition. Although federal judges in habeas corpus and Sec. 2255 proceedings have inherent power to admit applicants to bail, the power is to be exercised very sparingly. See Kramer v. Jenkins, 800 F.2d 708, 709 (7th Cir.1986); Cherek v. United States, 767 F.2d 335, 337 (7th Cir.1985). Christie's case does not present any exceptional circumstances to entitle her to bail. Cf. Martin v. Solem, 801 F.2d 324, 330 (8th Cir.1986) (where defendant claimed that his reincarceration was unlawful on the grounds that he had already served his sentence and had been discharged, the district court erred in granting bail pending decision of defendant's habeas corpus petition because "there is nothing unusual about a claim of unlawful confinement in a habeas proceeding.")