Frank LORDI, Petitioner–Appellant,

v.

Todd ISHEE, Warden, Respondent–Appellee.

No. 01–4063.

United States Court of Appeals, Sixth Circuit.

Dec. 4, 2001.

Before MERRITT, CLAY, and GILMAN, Circuit Judges.

*ORDER*

The petitioner appeals the denial of his motion for release on bail pending consideration by the district court of his petition for a writ of habeas corpus. The appeal has been briefed by the parties on an expedited basis, and we are in unanimous agreement that oral argument is unnecessary. *See* Fed. R.App. P. 34(a).

The respondent asserts that the court lacks jurisdiction over the appeal because a certificate of appealability has not been issued. Alternatively, the respondent seeks affirmance of the district court's ruling. 28 U.S.C. § 2253(c) provides that unless a certificate of appealability is issued, an appeal may not be taken from a final order in a habeas corpus proceeding. Although the statutory language provides that a certificate of appealability is required for an appeal from a final order, the requirement of a certificate of appealabili-

ty may apply to interlocutory appeals. The prior version of the habeas corpus statute made a certificate of probable cause a prerequisite for an appeal from a final order in a habeas corpus proceeding. We held, however, that a certificate of probable cause was also required to take an interlocutory appeal from the denial of release pending a habeas corpus petition. *Lee v.. Jabe,* 989 F.2d 869, 871 (6th Cir. 1993) (holding that "a certificate of probable cause is a prerequisite to appealing the denial of a bail motion in a habeas proceeding"); *see also Grune v. Coughlin,* 913 F.2d 41, 44 (2d Cir.1990).

Because this court has not yet addressed the requirement of a certificate of appealability for an interlocutory appeal from the denial of release and this appeal is fully briefed on the merits, we will review the district court's ruling despite the lack of a certificate of appealability. Release of a state prisoner pending consideration of the habeas corpus petition is reserved for the extraordinary case. *Lee v. Jabe,* 989 F.2d at 871 ("[s]ince a habeas petitioner is appealing a presumptively valid state conviction, both principles of comity and common sense dictate that it will indeed be the very unusual case where a habeas petitioner is admitted to bail prior to a decision on the merits in the habeas case."). In order to warrant release, the petitioner must demonstrate "not only a substantial claim of law based on the facts surrounding the petition but also the existence of 'some circumstances making [the motion for bail] exceptional and deserving of special treatment in the interests of justice.'" *Dotson v. Clark,* 900 F.2d 77, 79 (6th Cir.1990), *quoting Aronson v. May,* 85 S.Ct. 3, 5, 13 L.Ed.2d 6 (1964) (Douglas, J., in chambers).

The district court concluded that each of the four claims asserted by the petitioner have been rejected by the Ohio courts and do not appear to be substantial. In addition, the court noted that the petitioner had not demonstrated any unusual circumstances warranting release. We find no error in the district court's ruling.

The order of the district court denying release is AFFIRMED.