885 F.2d 866
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
In re Curtis Leon TAYLOR, Sr., Petitioner.
 No. 89-8007.
 United States Court of Appeals, Fourth Circuit.
 Submitted July 7, 1989.
Decided Sept. 19, 1989.
 
 Curtis Leon Taylor, Sr., appellant pro se.
 Before SPROUSE and CHAPMAN, Circuit Judges and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Clarence Leon Taylor, Sr., a Virginia prisoner, petitions this Court for a writ of mandamus. He asks that we order the district court to hold a hearing on his request for bail pending a decision on his 28 U.S.C. Sec. 2254 petition for habeas corpus relief. We grant leave to proceed in forma pauperis but deny mandamus relief.
 
 
 2
 After Taylor filed this petition, the district court denied his bail motion. Thus, a more appropriate vehicle for challenging the court's failure to hold a hearing would be an appeal. See Cherek v. United States, 767 F.2d 335, 337 (7th Cir.1985) (order denying bail pending decision on Sec. 2255 motion is immediately appealable); cf. In re United Steelworkers, 595 F.2d 958, 960 (4th Cir.1979) (mandamus cannot be used as a substitute for an appeal). In addition, release on bail requires both a strong showing on the merits of the petition and a showing of exceptional circumstances. Martin v. Solem, 801 F.2d 324, 329 (8th Cir.1986); Glynn v. Donnelly, 470 F.2d 95 (1st Cir.1972). Neither Taylor's mandamus petition nor his "request for appeal bond" contains such a strong showing that he is entitled to the extraordinary remedy of an order directing the district court to hold a hearing on the request. Cf. In re Beard, 811 F.2d 818, 827 (4th Cir.1987) (mandamus petitioner must show that right to relief is "clear and indisputable").
 
 
 3
 PETITION DENIED.