# UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

　　　　　*Plaintiff-Appellee,*

　　　　v.

GARY L. DETEMPLE,

　　　　　*Defendant-Appellant.*

No. 01-6848

Appeal from the United States District Court
for the Northern District of West Virginia, at Wheeling.
Frederick P. Stamp, Jr., District Judge.
(CR-93-77)

Submitted: March 14, 2002

Decided: March 26, 2002

Before NIEMEYER and KING, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

---

Affirmed in part and dismissed in part by unpublished per curiam
opinion.

---

## COUNSEL

Gary L. DeTemple, Appellant Pro Se.

---

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Gary DeTemple appeals the district court's orders denying multiple motions in his 28 U.S.C.A. § 2255 (West Supp. 2001) action, which remains pending in the district court. On appeal, DeTemple claims that the district court erred in: (1) denying his motions for recusal; (2) failing to grant him bond pending the disposition of his § 2255 action; and (3) the denial of his motion to stay the collection of his special assessment. We affirm in part and dismiss in part.

As to the district court's denial of DeTemple's motion for recusal, we dismiss the appeal for lack of jurisdiction because the order is not appealable. This court may exercise jurisdiction only over final orders, 28 U.S.C. § 1291 (1994), and certain interlocutory and collateral orders, 28 U.S.C. § 1292 (1994); Fed. R. Civ. P. 54(b); *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541 (1949). The order here appealed is neither a final order nor an appealable interlocutory or collateral order.

Next, DeTemple appeals the district court order denying his request for release on bond pending the disposition of his § 2255 action. A denial of bond is an appealable collateral order. *See United States v. Smith*, 835 F.2d 1048, 1049-50 (3d Cir. 1987); *Cherek v. United States*, 767 F.2d 335, 337 (7th Cir. 1985). A person seeking interim release during pursuit of § 2255 relief, however, faces a formidable barrier created by the fact of conviction and the government's interest in executing its judgment. "[I]n the absence of exceptional circumstances . . . the court will not grant bail prior to the ultimate final decision unless [the applicant] presents not merely a clear case on the law, . . . but a clear, and readily evident, case on the facts." *Glynn v. Donnelly*, 470 F.2d 95, 98 (1st Cir. 1972) (citation omitted); *see also Martin v. Solem*, 801 F.2d 324, 329 (8th Cir. 1986). Having reviewed the record, we find DeTemple has failed to meet this burden. We therefore affirm the district court's order denying DeTemple's request for release on bond.

Finally, DeTemple appeals the denial of his motion to stay the collection of his special assessment. Specifically, DeTemple challenges

the methods and amounts employed by the Bureau of Prisons to collect the special assessment. This court has held in *United States v. Miller*, 77 F.3d 71, 78 (4th Cir. 1996), that a district court may not delegate its authority to set the amount and timing of fine payments to the Bureau of Prisons. Because the district court instructed DeTemple to pay the special assessment amount immediately, and further set a schedule of monthly payments of at least $50 per month, the district court satisfied the requirements of *Miller*. We therefore affirm the district court's order denying DeTemple's motion to stay collection.

Accordingly, we dismiss DeTemple's appeal as to the motions for recusal and affirm the district court as to DeTemple's motion for bond and motion to stay collection. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED IN PART, DISMISSED IN PART*