**Frederick G. LAND, Petitioner–Appellant,**

**v.**

**George DEEDS, Warden and Brian McKay, Attorney General of the State of Nevada, Respondents–Appellees.**

No. 89–15627.

United States Court of Appeals, Ninth Circuit.

Submitted June 1, 1989.

Decided June 29, 1989.

Frederick G. Land, Southern Desert Correctional Center, Indian Springs, Nev., for petitioner-appellant.

No appearance for respondents-appellees.

Before BROWNING, THOMPSON and LEAVY, Circuit Judges.

PER CURIAM:

Frederick Land appeals from a magistrate's order denying bail pending a decision on his petition for a writ of habeas corpus under 28 U.S.C. § 2254. This is neither an appeal from a final judgment, 28 U.S.C. § 1291, nor a valid interlocutory appeal under the collateral order exception. *See Flanagan v. United States*, 465 U.S. 259, 265, 104 S.Ct. 1051, 1054–55, 79 L.Ed.2d 288 (1984); *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). Consequently, this appeal is dismissed for lack of jurisdiction, *see Woodcock v. Donnelly*, 470 F.2d 93 (1st Cir.1972), *Glynn v. Donnelly*, 470 F.2d 95 (1st Cir.1972), and we construe this appeal from a non-appealable order as a petition for a writ of mandamus. *See Unified Sewerage Agency v. Jelco, Inc.*, 646 F.2d 1339, 1343 (9th Cir.1981) (an invalid appeal may be construed as a mandamus petition).

Bail pending a decision in a habeas case is reserved for extraordinary cases involving special circumstances or a high probability of success. *See Aronson v.*

*May,* 85 S.Ct. 3, 5, 13 L.Ed.2d 6 (1964); *Galante v. Warden,* 573 F.2d 707, 708 (2d Cir.1977). Land has not demonstrated that he is entitled to release under this standard and therefore the district court's denial of bail in this case is not clearly erroneous. *Bauman v. United States District Court,* 557 F.2d 650, 654–55 (9th Cir.1977). We therefore deny the request for bail or release pending a decision on the petition for a writ of habeas corpus.