995 F.2d 233
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ronald J. DUPARD, Defendant-Appellant.
 No. 92-36960.
United States Court of Appeals, Ninth Circuit.
 Submitted May 25, 1993.*
Decided June 7, 1993.
 
 Before HUG, WIGGINS, and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ronald J. Dupard, a federal prisoner, appeals pro se from the magistrate judge's order denying bail pending Dupard's appeal from the denial of his second 28 U.S.C. § 2255 motion. We dismiss this appeal for lack of jurisdiction. See Land v. Deeds, 878 F.2d 318, 318 (9th Cir.1989) (per curiam) (no appeal lay, under collateral order doctrine or otherwise, from magistrate's order denying defendant's request for bail pending decision in defendant's habeas case).
 
 
 3
 Further, we decline to construe this appeal as a motion for reconsideration of this court's previous denial of Dupard's motion for bail pending appeal, or as a mandamus petition. Cf. id. (this court may construe an invalid appeal as a mandamus petition).[1]
 
 
 4
 DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 A motions panel of this court previously denied a motion for bail pending appeal from the denial of Dupard's first § 2255 motion. On May 6, 1993, this court affirmed the denial of Dupard's first § 2255 motion. Dupard v. United States, No. 92-35462, unpublished memorandum disposition (9th Cir. May 6, 1993). Given these circumstances, Dupard has not demonstrated that he is entitled to release. See Deeds, 878 F.2d at 318 ("Bail pending a decision in a habeas cases is reserved for extraordinary cases involving special circumstances or a high probability of success.") Accordingly, we will not review this issue a third time by entertaining a petition for rehearing in this appeal. The mandate will issue forthwith