**UNITED STATES of America, Plaintiff–Appellee,**

v.

**William D. METT and Marvin L. Wiseman, Defendants–Appellants.**

No. 94–10503.

United States Court of Appeals, Ninth Circuit.

Nov. 30, 1994.

As Amended Feb. 8, 1995.

David A. Katz, Katz & Associates, Los Angeles, CA, Elton John Bain, Bain & Matsunaga, Honolulu, HI, for defendants-appellants.

Leslie E. Osborne, Jr., Asst. U.S. Atty., Honolulu, HI, for plaintiff-appellee.

Before WALLACE, C.J., and GOODWIN and NORRIS, Circuit Judges.

ORDER *

Appellants William D. Mett and Marvin L. Wiseman are moving for bail pending appeal of the denial of their joint motion for a new trial under Fed.R.Crim.P. 33 and motion to vacate their sentences under 28 U.S.C. § 2255.[1]

---

* The court certifies that this order is appropriate for publication pursuant to 9th Cir.R. 36–1.

1. Appellants' motion for leave to file a reply is denied. Fed.R.App.P. 27(a) does not authorize the filing of a reply.

**1282**

Appellants were convicted in 1990 for multiple counts of mail and wire fraud. Appellants appealed their convictions and were granted bail pending appeal. This court affirmed their convictions in April, 1993, and denied rehearing in November, 1993. The Supreme Court denied certiorari on April 19, 1994.

Subsequently, the district court granted appellants a stay of sentence to settle their business and personal affairs. Appellants then filed a motion for a new trial and to vacate the sentence. Appellants argued, in part, that there was a conflict of interest among appellants and counsel [2] and that the government failed to disclose exculpatory evidence. The district court conducted an evidentiary hearing and denied the motion. Appellants moved for bail pending appeal, which the district court denied on October 17, 1994. Appellants now move this court for bail pending appeal.

Appellants maintain that their motion for bail pending appeal is governed by the Bail Reform Act of 1984, specifically 18 U.S.C. § 3143(b).[3] The district court analyzed appellants' motion in accordance with section 3143(b) and found the appellants did not present a "substantial question." The government argues that the court's standards developed in habeas proceedings are applicable. *See Land v. Deeds,* 878 F.2d 318 (9th Cir.1989).

■■■ Appellants are collaterally attacking their sentences. The Bail Reform Act does not apply to federal prisoners seeking postconviction relief. *United States v. Kelly,* 790 F.2d 130, 139 (D.C.Cir.1986); *Cherek v. United States,* 767 F.2d 335, 337 (7th Cir. 1985). Instead, Fed.R.App.P. 23 governs the issue of the release or detention of a prisoner, state or federal, who is collaterally attack-

ing his or her criminal conviction. 9th Cir.R. 23–1. *See Marino v. Vasquez,* 812 F.2d 499, 507 (9th Cir.1987). In the habeas context, this court has reserved bail for "extraordinary cases involving special circumstances or a high probability of success." *Land,* 878 F.2d at 318.[4]

■■■ While the procedural context of *Land* is different than the present case, since *Land* involved an appeal from a denial of bail pending the district court's judgment on his petition for writ of habeas corpus, this difference does not provide a basis to distinguish between the legal standard for bail pending appeal of the denial of a habeas petition. It would be anomalous to use the "special circumstances" test in the *Land* context, but apply a less demanding standard *after* the district court has reviewed petitioner's claims and rejected them. The requirement that a federal petitioner must demonstrate special or exceptional circumstances to obtain bail pending appeal is also consistent with authorities outside of this circuit. *Aronson v. May,* 85 S.Ct. 3, 5, 13 L.Ed.2d 6 (1964) (Douglas, J.); *Kelly,* 790 F.2d at 139; *Cherek,* 767 F.2d at 337; *Ostrer v. United States,* 584 F.2d 594, 596 n. 1 (2d Cir.1978).

■■■ The court has reviewed appellants' arguments and concludes that appellants have not demonstrated their appeal is an extraordinary case involving "special circumstances" or presents a "high probability of success." *Land,* 878 F.2d at 318. Accordingly, appellants' motion for bail is denied.

---

2. Counsel currently representing appellants on appeal are not the counsel with the alleged conflict of interest.

3. Under the Bail Reform Act of 1984, a defendant shall be incarcerated pending appeal unless the court finds: (1) by clear and convincing evidence that the defendant is not likely to flee or pose a danger to the safety of any other person or the community if released; (2) the appeal is not taken for the purpose of delay; (3) the appeal raises a substantial question of law or fact; and

(4) if the substantial question is determined favorably to the defendant on appeal, that decision is likely to result in reversal, an order for a new trial, or a sentence that does not include a term of imprisonment, on all counts on which imprisonment has been imposed. 18 U.S.C. § 3143(b); *United States v. Handy,* 761 F.2d 1279, 1283 (9th Cir.1985).

4. Special circumstances include "a serious deterioration of health while incarcerated, and unusual delay in the appeal process." *Salerno v. United States,* 878 F.2d 317, 317 (9th Cir.1989).