98 F.3d 1342
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Sharod NICKELSON, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 96-3456.
 United States Court of Appeals, Sixth Circuit.
 Oct. 8, 1996.
 
 N.D.Ohio, No. 95-07437; David A. Katz, Judge.
 N.D.Ohio
 VACATED.
 Before: KRUPANSKY, BOGGS, and SILER, Circuit Judges.
 
 ORDER
 
 1
 The pro se petitioner, Sharod Nickelson, appeals a district court order denying his motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. He now moves for release on bail pending disposition of his appeal. The government opposes release. The case is fully briefed and ready for submission on the merits.
 
 
 2
 The government in its brief concedes that the defendant's sentence was in error, and that this case should be remanded for resentencing. In view of the government's position on this matter, we conclude that a remand is appropriate. The petitioner has not, however, demonstrated exceptional circumstances which would warrant his release on bail. Rule 23, Fed.R.App.P., "governs the issue of the release or detention of a prisoner, state or federal, who is collaterally attacking his or her criminal conviction." United States v. Mett, 41 F.3d 1281, 1282 (9th Cir.1995). Release in such cases is warranted only if: (1) the petitioner is able to show the appeal presents substantial questions, and (2) there is some circumstance making the application for release "exceptional and deserving of special treatment in the interests of justice." Aronson v. May, 85 S.Ct. 3, 5 (1964); see Dallo v. INS, 765 F.2d 581, 589 (6th Cir.1985).
 
 
 3
 We therefore VACATE the defendant's sentence and REMAND this case to the district court for resentencing. The motion for bail is DENIED.