Michael **FONSECA**, Petitioner,

v.

**UNITED STATES of America,
Respondent.**

No. CIV. 00–40441,
No. CRIM. 91–80910–02.

United States District Court,
E.D. Michigan,
Southern Division.

Feb. 6, 2001.

---

Saul Green, United States Attorney, Detroit, MI, for Plaintiff.

Michael Fonseca, Milan, MI, pro per.

## *ORDER*

GADOLA, District Judge.

On July 9, 1993, Petitioner Michael Fonseca pled guilty to conspiring to distribute and to possess with the intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a) and 846 (Count I of the October 14, 1992 Indictment).  On September 25,

1993, this Court sentenced Petitioner to a term of imprisonment for 188 months, a term of supervised release for five years, and a $50.00 special assessment fee. On November 21, 2000, more than seven years later, Petitioner filed a "Petition for Constitutional Writ of Habeas Corpus Ad Subjicienden Ad Rectum Instanter" pursuant to 28 U.S.C. § 2241. On December 4, 2000, Petitioner filed a Motion for Review of Detention Order pursuant to 18 U.S.C. § 3143(b).

In his petition for a writ of habeas corpus, Petitioner asserted that his conviction and sentence were unconstitutional in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and *Jones v. United States,* 526 U.S. 227, 119 S.Ct. 1215, 143 L.Ed.2d 311 (1999), because the indictment did not refer to a specific quantity of cocaine. According to the United States Court of Appeals for the Sixth Circuit,

> courts have uniformly held that claims asserted by federal prisoners that seek to challenge their convictions or imposition of their sentence shall be filed in the sentencing court under 28 U.S.C. § 2255 and that claims seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241.

*Charles v. Chandler,* 180 F.3d 753, 755–56 (6th Cir.1999) (internal citations omitted).

■ In the instant matter, Petitioner is not challenging the execution or manner in which his sentence is served; instead, he is attacking his federal conviction and sentence. Therefore, this Court concluded that Petitioner's Section 2241 petition really was a motion pursuant to Section 2255, and, accordingly, that petition was transferred to this Court after having been assigned to Judge Paul D. Borman. This Court will modify the caption to show that the proper Respondent is the United States of America and will order Respondent to respond to Petitioner's Section 2255 petition within seven days of entry of this Order.

■ As to Petitioner's Motion for Review of Detention Order, the Bail Reform Act of 1984, of which 18 U.S.C. § 3143 is a part, does not apply to Section 2255 proceedings. *See, e.g., United States v. Mett,* 41 F.3d 1281, 1282 (9th Cir.1994); *United States v. Kelly,* 790 F.2d 130, 139 (D.C.Cir. 1986); *Cherek v. United States,* 767 F.2d 335, 337 (7th Cir.1985); *United States v. Dansker,* 561 F.2d 485 (3d. Cir.1977). Indeed, by its plain language, Section 3143 appears to apply to direct appeals and not to collateral attacks. Therefore, this Court concludes that Petitioner is not entitled to relief under Section 3143.[1]

■ Nevertheless, courts have inherent authority to grant release to a petitioner while a Section 2255 proceeding is pending, but the petitioner must meet a more stringent standard than in a Section 3143

---

1. In *Fountain v. United States,* 953 F.Supp. 836 (E.D.Mich.1996), Judge Gerald E. Rosen concluded that a petitioner may be released on bond pursuant to Section 3143(b) while Section 2255 proceedings are pending, if the petitioner establishes "(1) by clear and convincing evidence that he does not pose a danger to the community, and (2) that his motion raises a substantial question of law or fact likely to result in his release." *Id.* at 841–42 (citing *United States v. Vance,* 851 F.2d 166, 170 (6th Cir.1988)). In *Vance,* however, the Sixth Circuit applied Section 3143(b) to a direct appeal rather than to Section 2255 proceedings. Thus, the court in *Fountain* appears to have assumed that Section 3143(b) applies to Section 2255 proceed-

ings without considering the precedents from several Courts of Appeals to the contrary. Furthermore, the standard set forth in *Fountain* is less stringent than that established by the Sixth Circuit and other Courts of Appeals for bond in Section 2255 proceedings. *See, e.g., Dotson v. Clark,* 900 F.2d 77, 79 (6th Cir.1990) (concluding that a petitioner must show (1) "a substantial claim of law based on the facts surrounding the petition" and (2) "the existence of some circumstance making the motion for bail exceptional and deserving of special treatment in the interests of justice") (quotation and citation omitted). Therefore, this Court questions and disagrees with Section V(A) of the court's opinion in *Fountain.*

motion. *See Cherek,* 767 F.2d at 337–38; *United States v. Hardesty,* Nos. 96–3510, 95–20031, 1997 WL 749408 (D.Kan. Nov.20, 1997). According to the Sixth Circuit,

> In order to receive bail pending a decision on the merits, prisoners must be able to show not only a substantial claim of law based on the facts surrounding the petition but also the existence of "some circumstance making [the motion for bail] exceptional and deserving of special treatment in the interests of justice."

*Dotson v. Clark,* 900 F.2d 77, 79 (6th Cir. 1990) (quoting *Aronson v. May,* 85 S.Ct. 3, 5, 13 L.Ed.2d 6, 9 (1964) (Douglas, J. in chambers)); *see Martin v. Solem,* 801 F.2d 324, 329 (8th Cir.1986); *see also Pfaff v. Wells,* 648 F.2d 689, 693 (10th Cir.1981) (holding that a petitioner must make "a showing of exceptional circumstances ... for such relief, or a demonstration of a clear case on the merits of the habeas petition"); *United States v. Mett,* 41 F.3d 1281, 1282 (9th Cir.1994) (holding that bond in habeas cases is reserved for "extraordinary cases involving special circumstances or a high probability of success"); *see generally Richard v. Abrams,* 732 F.Supp. 24, 25 (S.D.N.Y.1990) (discussing various standards).

■ A court's power to grant bail in a Section 2255 case should be used sparingly. *See Cherek,* 767 F.2d at 337. In *Cherek,* Judge Richard A. Posner explained the basis for the limited use of this power,

> A defendant whose conviction has been affirmed on appeal (or who waived his right of appeal, as by pleading guilty, or by foregoing appeal after being convicted following a trial) is unlikely to have been convicted unjustly; hence the case for bail pending resolution of his post-conviction proceeding is even weaker than the case for bail pending appeal.

*Cherek,* 767 F.2d at 337. In light of this rationale, Petitioner's case here is not an appropriate circumstance in which to apply this rarely-exercised power. Petitioner has shown neither a substantial claim of law based on the facts surrounding his petition nor the existence of some circumstance making the motion for bail exceptional and deserving of special treatment in the interests of justice. Indeed, while the Court has not yet addressed the merits of Petitioner's Section 2255 petition, it is clear from even a cursory review of his submissions that he cannot satisfy the standard applied by the Sixth Circuit. *See Dotson,* 900 F.2d at 79.

Accordingly, this Court being fully advised in the premises,

**IT IS HEREBY ORDERED** that Petitioner's "Petition for Constitutional Writ of Habeas Corpus Ad Subjicienden Ad Rectum Instanter" shall be construed as a petition pursuant to Section 2255. The Clerk's Office is directed to file any submissions for case number 00–40441 under case number 91–80910, as is the practice with Section 2255 proceedings.

**IT IS FURTHER ORDERED** that Respondent shall respond to Petitioner's Section 2255 petition within seven (7) days of the entry of this Order.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Review of Detention Order [Docket Entry 483] is denied.

**SO ORDERED.**