257 F.3d 1077 (9th Cir. 2001)
 In re: ERNIE ROE,
Warden ERNIE ROE, Warden, Petitioner,
v.
UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA,
Respondent,
GLEN NICKERSON, JR., Real Party in Interest.
 No. 01-70967
 UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT
 Submitted June 15, 2001* San Francisco, California
Order filed June 15, 2001
Order withdrawn July 24, 2001
Filed July 24, 2001
 
 Gregory A. Ott, Deputy Attorney General, San Francisco, California, for the petitioner.
 M. Gerald Schwartzbach, Mill Valley, California, and Edward M. Sousa, San Jose, California, for the real party in interest.
 Petition for Writ of Mandamus to the United States District Court for the Northern District of California, D.C. No. CV-98-4909-MHP
 Before: Diarmuid F. O'Scannlain, Barry G. Silverman and Ronald M. Gould, Circuit Judges.
 PER CURIAM:
 
 
 1
 On April 16, 1987, Real Party in Interest Glen Nickerson, Jr. was convicted of two counts of first degree murder and one count of attempted murder in California state court and was sentenced to life in prison without the possibility of parole. Following unsuccessful efforts to secure state post-conviction relief, Nickerson filed a petition for writ of habeas corpus in federal district court on December 28, 1998.[1] Nickerson's first claim for relief in his habeas petition is a claim of actual innocence.
 
 
 2
 On June 1, 2001, prior to the close of discovery or the parties' completion of briefing, the district court admitted Nickerson to bail pending resolution of his habeas petition, subject to certain conditions of release, citing "the gravity of the allegations of the petition, the record developed thus far, petitioner's failing health and the dilatory pace of these proceedings." Nickerson was released on bail on June 11, 2001. Warden Ernie Roe thereupon filed the present petition for writ of mandamus, seeking to vacate the district court's bail order and to have Nickerson remanded to state custody.
 
 
 3
 * We have observed that "[t]he remedy of mandamus is a drastic one, to be involved only in extraordinary situations." Bauman v. United States District Court, 557 F.2d 650, 654 (9th Cir. 1977) (quoting Will v. United States , 389 U.S. 90, 95 (1967)). Its use is reserved for "exceptional circumstances amounting to a judicial usurpation of power." Id. (quoting Will, 389 U.S. at 95).
 
 
 4
 We have formulated a number of guidelines to govern the mandamus inquiry. These guidelines include the following: "the district court's order raises new and important problems, or issues of law of first impression";"the district court's order is clearly erroneous as a matter of law";"the party seeking the writ has no other adequate means, such as a direct appeal, to attain the relief he or she desires"; and "the petitioner will be damaged or prejudiced in a way not correctable on appeal." Bauman, 557 F.2d at 654-55.
 
 II
 
 5
 We consider Warden Roe's mandamus petition with these guidelines in mind.
 
 
 6
 * The district court's release order raises an issue of first impression in this Circuit: namely, whether a district court has the authority to grant bail pending a decision on a 28 U.S.C. § 2254 habeas corpus petition.
 
 
 7
 The district court relied on our decision in Marino v. Vasquez, 812 F.2d 499 (9th Cir. 1987), as the basis for her authority to release Nickerson at this stage of the proceedings. Marino did not, however, address a district court's authority to release a state habeas petitioner on bail prior to a ruling on the merits of the habeas petition. In Marino, we simply affirmed a district court's grant of bail to a state prisoner who had already been awarded conditional habeas corpus relief. Id. at 507. The other cases cited in the district court's June 1 order likewise do not support the proposition that a district court has the authority to release a state prisoner on bail during the pendency of habeas proceedings. See United States v. Mett, 41 F.3d 1281 (9th Cir. 1995) (denying bail pending appeal of district court's denial of habeas petition); Land v. Deeds, 878 F.2d 318 (9th Cir. 1989) (rejecting prisoner's challenge to district court's denial of bail pending decision on habeas petition without considering whether district court had power to grant bail in such circumstances); Rodgers v. Merkle, 1995 WL 108196 (N.D. Cal. 1995) (denying, without discussion, state prisoner's motion for release on bail pending resolution of habeas petition).
 
 
 8
 The Second Circuit recently observed that "[t]he question of whether the federal courts have inherent power to grant bail in any case where they may properly assert jurisdiction . . . is by no means a novel one. In fact, it has divided the 9404.federal courts for over a century." Mapp v. Reno, 241 F.3d 221, 224-25 (2d Cir. 2001). No less of an authority than Judge Learned Hand stated that "[a] writ of habeas corpus does not put the relator into the custody of this court. It does not assume to disturb the custody of the person then detaining the relator. . . . This court has no proper power to enlarge the relator while the inquiry proceeds . . . ." United States v. Sisson, 220 F. 538, 540 (S.D. N.Y. 1914). To be sure, some modern authorities appear to favor recognizing a federal court's power to grant bail pending a decision on a habeas corpus petition, see, e.g., Grune v. Coughlin, 913 F.2d 41 (2d Cir. 1990); Boyer v. City of Orlando, 402 F.2d 966 (5th Cir. 1968); Johnston v. Marsh, 227 F.2d 528 (3rd Cir. 1955), but, as noted above, we have not yet weighed in on this issue.[2]
 
 B
 
 9
 We need not, and specifically do not, resolve this issue today, however. Assuming, arguendo, that a district court has the authority to release a state prisoner on bail pending resolution of habeas proceedings in extraordinary cases, the district court clearly erred in releasing Nickerson under the circumstances of this case. The district court's June 1 order fails on its face to make the requisite demonstration that this is an "extraordinary case[ ] involving special circumstances or a high probability of success." Land, 878 F.2d at 318.
 
 
 10
 The district court concluded that bail was warranted based upon the following: the seriousness of the allegations set forth in Nickerson's habeas petition; statements made by one of Nickerson's co-defendants that Nickerson had nothing to do with the crimes; the availability of lodging for Nickerson in his father and step-mother's residence; representations by counsel as to Nickerson's failing health; and the State's "persistent resistance" to "fully satisf[y] its discovery obligations." Taken together, these factors simply do not render this case so unusual and extraordinary as to warrant Nickerson's release on bail pending completion of the habeas proceedings.
 
 
 11
 First, the seriousness of the constitutional violations Nickerson alleges in his complaint does not justify Nicerson's release on bail. We observed long ago in Benson v. California, 328 F.2d 159, 163 n.2 (9th Cir. 1964), that"[t]here are thousands of prisoners confined in state prisons, any of whom, with little assistance from their cell mates, would have no difficulty in drafting a petition for writ of habeas corpus which would allege substantial violations of constitutional rights. We do not propose . . . to open the door to the release of those thousands of prisoners on the basis of mere allegations in their petitions."Second, the sole evidence of Nickerson's actual innocence relied upon by the district court were statements made by one of Nickerson's co-defendants, Murray Lodge, to his former counsel asserting that Nickerson had nothing to do with the crimes for which they were convicted. The State has vigorously attacked Lodge's credibility in its papers filed with the district court and has cited evidence that Lodge has falsely exculpated other co-defendants whose involvement in the murders cannot seriously be questioned. In the face of such conflicting evidence, and in the absence of any factual findings with respect to Lodge's credibility, this exculpatory evidence relied upon by the district court is hardly so compelling as to constitute a special circumstance rendering Nickerson's case extraordinary.
 
 
 12
 Nickerson directs our attention to other potentially exculpatory evidence in the record, but insofar as the district court neither made any factual findings with respect to such evidence nor in any way relied upon it in ordering Nickerson's release, we decline Nickerson's invitation to consider it here.
 
 
 13
 Next, counsel's representations regarding Nickerson's failing health and need for medical attention would be relevant only if Nickerson requires treatment that is unavailable to him through the California Department of Corrections. Insofar as Nickerson has made no such showing, the district court clearly erred in relying on Nickerson's poor health as a relevant factor. Further, the fact that Nickerson's father and step-mother could offer him lodging during the pendency of the habeas proceedings may be relevant to flight risk, but it hardly constitutes a special circumstance demonstrating this to be an extraordinary case.
 
 
 14
 Finally, the district court cited the State's "persistent resistance" to fulfill its discovery obligations as an additional special circumstance warranting release. We observe, however, that the district court has never actually found the State to be in violation of any discovery order in this case. In any event, ordering the release of a habeas petitioner on bail is, as far as we know, an unprecedented sanction for a State's discovery violations. The district court has numerous other, authorized, means by which it may compel compliance with its discovery orders and expedite the pace of the habeas proceedings.
 
 
 15
 As a matter of law, then, the district court clearly erred in concluding that the factors discussed above combined to render this case so extraordinary as to warrant Nickerson's release on bail pending resolution of the habeas proceedings.[3]
 
 C
 
 16
 The potential harm posed by the release of an individual convicted of a capital offense is, we believe, virtually transparent. While Nickerson repeatedly asserts his actual innocence, "he comes before the habeas court with a strong -- and in the vast majority of the cases conclusive -- presumption of guilt." Schlup v. Delo, 513 U.S. 298, 326 n.42 (1995). Notwithstanding the safeguards included in the district court's release order, the State, as well as the public at large, could well be harmed by Nickerson's release in a way not correctable on appeal.
 
 III
 
 17
 The Bauman guidelines tilt sharply in favor of granting mandamus relief in the present circumstances. Accordingly, the district court shall vacate its orders releasing Nickerson on bail pending a decision on the 28 U.S.C. § 2254 petition. The district court shall issue all appropriate orders permitting petitioner Ernie Roe to remand Nickerson into Roe's custody. We express no opinion on the underlying merits of Nickerson's 28 U.S.C. § 2254 petition.
 
 
 18
 The petition for writ of mandamus is GRANTED.
 
 
 
 Notes:
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).
 
 
 [1]
 Although Nickerson's habeas petition was filed beyond the statute of limitations set forth in 28 U.S.C. § 2244(d)(1), the district court ruled that Nickerson's colorable showing of actual innocence sufficed to bypass § 2244(d)(1). We express no opinion as to the correctness of this ruling.
 
 
 [2]
 We point out, however, that in Marino, we held that "[t]he release on bail of state prisoners seeking habeas corpus relief in federal court is . . . governed by Fed. R. App. P. 23." 812 F.2d at 507 (emphasis added). While Rule 23 sets forth conditions for the release on bail of habeas petitioners pending appeal of district court decisions granting as well as denying their petitions, the Rule does not appear to contemplate release on bail pending an initial decision in district court.
 
 
 [3]
 We note, further, that the district court's enlargement of Nickerson was especially inappropriate given that Nickerson may not even be eligible for bail under California law should the federal court order a new trial. See Cal. Penal Code § 1270.5.
 9407.