Larry A. O'NEAL, Petitioner,

v.

Robert O. LAMPERT, Respondent.

No. 00–1333–AA.

United States District Court,
D. Oregon.

April 9, 2002.

Dennis N. Balske, Assistant Federal Public Defender, Portland, OR, for Petitioner.

Hardy Myers, Attorney General, Lynn David Larsen, Assistant Attorney General, Department of Justice, Salem, OR, for Respondent.

## OPINION AND ORDER

AIKEN, District Judge.

Petitioner moves the court for five subpoenas to enable him to obtain records regarding Sherry Kingsberry that are in the custody or control of: the Oregon Department of Human Services, Office of Developmental Disabilities; the Linn County Office of Developmental Disabilities Services; Linn County Adult Mental Health Department; Dr. Mary Ann Straumfjord; and the Albany Police Department. Petitioner's motion (doc. 21) is granted.

## DISCUSSION

Petitioner was convicted of one count of aggravated murder, for which he received a sentence of life without parole for thirty years. He was convicted pursuant to a no contest plea, during which he stated that the death of the victim, Sherry Kingsberry, occurred "on the accident." Petitioner is mentally retarded. He has an IQ of 60. Petitioner contends that Ms. Kingsberry suffered from congenital cerebral palsy, and like petitioner, received aid from the Linn County Office of Developmental Disabilities Services. She had several caseworkers, one of whom was Terry Stein. According to Ms. Stein, in a letter to one of petitioner's former attorneys, Ms. Stein stated she would not be surprised if Ms. Kingsberry was the aggressor in the incident which led to her death. Ms. Kingsberry was also a patient at Adult Mental Health in Linn County and received psychiatric evaluations periodically from Dr. Mary Ann Straumfjord. She had numerous contacts with the Albany Police Department.

Petitioner asserts that in order to defend against respondent's contention that he failed to comply with the applicable statute of limitations, he needs to be able to establish his actual innocence for the crime for which he was convicted. Petitioner argues that the combination of his mental retardation in conjunction with the victim's, Kingsberry's, allegedly aggressive, assaultive behavior would assist in establishing his actual innocence.

The respondent argues that petitioner's motion should be denied for three reasons.

First, respondent argues that a showing of "actual innocence" is insufficient to relieve petitioner of an untimely filing of his federal habeas petition. There is no dispute that petitioner's direct appeal was final on August 11, 1997 (Resp.Ex. 4), and that the limitations period under 28 U.S.C. § 2244(d) began running ninety days after August 11, 1997, or on Sunday, November 9, 1997. Petitioner timely filed his state post-conviction relief (PCR) petition on Monday, November 10, 1997. No time elapsed on the federal limitation between the direct appeal and filing the PCR petition. Respondent argues, however, that more than one year elapsed between the date the PCR was final, September 23, 1999 (Resp.Ex. 106), and the date petitioner filed his federal habeas corpus petition, September 28, 2000. *See* 28 U.S.C. § 2244(d)(1).

Petitioner agrees that his federal petition was due September 23, 2000, and states that he is in the process of obtaining documentation to establish that he timely delivered his habeas corpus petition to prison authorities at the institution in which he is incarcerated on September 23, 2000. If petitioner can establish that fact, he will establish that his petition was timely in accord with the "mailbox rule." *See Anthony v. Cambra*, 236 F.3d 568, 574–75 (9th Cir.2000), *cert. denied*, 533 U.S. 941, 121 S.Ct. 2576, 150 L.Ed.2d 739 (2001)(under "mailbox rule" of *Houston v. Lack*, 487

U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988), habeas corpus petition is properly filed on the date petitioner delivers petition to prison authorities for mailing). Once this court rules on the motion at bar petitioner will have ninety days to file a reply to respondent's motion. Petitioner contends that evidence in support of the "mailbox rule" will be submitted to the court at that time.

Alternatively, if this court concludes that petitioner's petition was not timely filed, petitioner intends to obtain an affidavit from Terry Stein, petitioner's unofficial guardian, who assisted petitioner in filing his petition for habeas corpus. Petitioner believes that Stein's affidavit will establish the extraordinary circumstances necessary to accomplish tolling the statute of limitations. *See Calderon v. United States Dist. Court,* 163 F.3d 530, 541 (9th Cir.1998) (mental incompetency is an extraordinary circumstance beyond a petitioner's control which renders him unable to assist his attorney in the preparation of his petition and, if the record discloses a genuine basis for concern, tolls the AEDPA's time bar).

Regarding respondent's argument that a showing of "actual innocence" is insufficient to relieve petitioner of an untimely filing, I note that the Ninth Circuit has not yet ruled on whether "actual innocence" is an exception to the statute of limitations. *In re Warden,* 257 F.3d 1077, 1079 n. 1 (9th Cir.2001)(declining to decide whether "actual innocence" is an exception to a statute of limitations). Regardless, a decision from this District Court held that actual innocence was irrelevant as a defense to an untimely filed habeas corpus petition. *See Flemmer v. Eckland,* Civ. No. 99–598–HU (2000), Findings and Recommendation, May 15, 2000, p. 4, adopted by Order, June 23, 2000, Judge King. That court rejected petitioner's actual innocence argument and held, with no further analysis, that "petitioner confuses a timely filed,

but procedurally defaulted petition with a petition that is untimely to begin with. The concepts of procedural default and the statute of limitations are entirely different. The exceptions relied upon by petitioner simply have no place in an action that is filed beyond the statute of limitations." *Id.* The Order adopting the Findings and Recommendation did not mention or comment upon the "actual innocence" argument.

▆▆▆ I disagree with the holding in *Flemmer, supra,* and find that creating an "actual innocence" exception to the habeas corpus statute of limitations is a logical extension of the Supreme Court's well-established rule that a habeas corpus petitioner may circumvent a "procedural default" by proving his "actual innocence." *See Schlup v. Delo,* 513 U.S. 298, 327, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995). When a federal court on habeas corpus review applies the "actual innocence" exception to permit a state prisoner to circumvent a procedural default regarding a state procedural rule (including a state statute of limitations), the federal court necessarily transgresses principles of federalism and comity as well as the principle of "finality" in criminal cases. However, due to the prisoner's actual innocence, such important principles must give way to justice. When an innocent state prisoner's violation of the federal habeas corpus statute of limitations is at issue, the federalism and comity interests are not nearly as strong as when a federal court must forgive an innocent prisoner's procedural default of a state's habeas corpus statute of limitations. Therefore, I find that it is reasonable to provide the same protection to a state prisoner who procedurally defaults by failing to meet a state statute of limitations' filing deadline as to a state prisoner who fails to meet the federal statute of limitations' filing deadline. *Kaufman v. United*

*States,* 394 U.S. 217, 228, 89 S.Ct. 1068, 22 L.Ed.2d 227 (1969) ("there is no reason to . . . give greater preclusive effect to procedural defaults by federal defendant than to similar defaults by state defendants. To hold otherwise would reflect an anomalous and erroneous view of federal-state relations.").

Finally, I note that several federal courts have suggested that the federal habeas corpus statute of limitations, which is not jurisdictional in nature, cannot be constitutionally applied to bar a meritorious claim asserted by an actually innocent petitioner, although they did not find actual innocence in those cases. *See Lucidore v. New York State Div. of Parole,* 209 F.3d 107, 112–113 (2nd Cir.), *cert. denied,* 531 U.S. 873, 121 S.Ct. 175, 148 L.Ed.2d 120 (2000); *Miller v. Marr* 141 F.3d 976, 978 (10th Cir.), *cert. denied,* 525 U.S. 891, 119 S.Ct. 210, 142 L.Ed.2d 173 (1998); *In Re Dorsainvil,* 119 F.3d 245, 248 (3rd Cir. 1997); and *United States v. Zuno–Arce,* 25 F.Supp.2d 1087, 1102 (C.D.Cal.1998), *aff'd,* 245 F.3d 1108 (9th Cir.2001).

Therefore, respondent's assertion of a statute of limitations violation is not a bar to petitioner's motion.

█ Respondent next contends that the evidence requested by petitioner is not admissible in his case because petitioner has failed to show due diligence in previously submitting the information to the state courts. Respondent asserts that the Ninth Circuit has held that a federal habeas petitioner must show "some degree of due diligence in his initial factual development" to be able to submit any evidence on actual innocence in the federal habeas proceeding for the first time. *See Gandarela v. Johnson,* 275 F.3d 744 (9th Cir.2001). Petitioner argues that the due diligence requirement is not applicable in the context of the statute of limitations, and therefore, respondent's objection is not relevant. Further, petitioner asserts that he is not requesting an evidentiary hearing. The due diligence requirement relates directly to petitioner's obligation to develop his claim in state courts. 28 U.S.C. § 2254(e)(2). When a petitioner fails to develop his claim, in order to submit evidence in an evidentiary hearing in federal court, he must show both due diligence and actual innocence. 28 U.S.C. §§ 2254(e)(2)(A), (B).

Here, in the context of the statute of limitations, I find that a similar duty does not exist since a claim on the merits is not being addressed at this time. Therefore, this portion of § 2254(e) is not relevant.

Similarly, respondent's reliance on Judge King's order in *Poirier v. Hoyt,* Civ. No. 99–6007–KI (Sept. 18, 2001), and Judge Stewart's opinion and order in *Charles v. Baldwin,* 1999 WL 694716, (D.Or. Aug. 2, 1999), are not controlling here. In those cases, the petitioner moved to expand the record or sought additional discovery to prove the merits of their respective ineffective assistance of counsel claims. Judges King and Stewart denied petitioners' requests citing § 2254(e)(2), and stating that if the petitioners failed to develop the factual basis of a claim in state court, petitioner may not present any new evidence in an evidentiary hearing in the federal habeas corpus proceedings unless he can meet the stringent requirements of subsections (A) and (B). Unlike those cases, petitioner here is not seeking to introduce evidence to support one of his claims on the merits. Rather, petitioner is seeking to introduce the evidence to establish his actual innocence thus providing him with a basis to equitably toll the statute of limitations in the same way that, under *Schlup,* 513 U.S. at 327, 115 S.Ct. 851, a petitioner can circumvent a procedural default.

█ Finally, the respondent argues that the requested records are privileged, and

therefore discovery should be denied. This fact alone is not a sufficient basis to deny petitioner's request. As Judge Stewart did in *Dispennett v. Cook*, Civ. No. 98–1252–ST (Oct. 23, 2001)(granting petitioner's motion for subpoenas for mental health records pursuant to Rule 6 of the Rules Governing § 2254 cases), it is appropriate to allow the production of potentially privileged evidence if there are sufficient safeguards in place.

## CONCLUSION

Petitioner's Motion for Subpoenas Pursuant to Rule 6 of the Rules Governing Section 2254 Cases (doc. 21) is granted. Any records produced pursuant to the subpoenas are subject to a Protective Order—drafted and agreed upon by the parties, and approved and entered by this court. Further, any documents revealing privileged materials must be placed under seal.

Petitioner has ninety (90) days from the date of this Order to file any reply to his habeas petition.

IT IS SO ORDERED.