FILED
United States Court of Appeals
Tenth Circuit

October 28, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JEFFREY CHARLES ZANDER,

    Defendant - Appellant.

No. 16-4138
(D.C. Nos. 2:15-CV-00625-DN &
2:10-CR-01088-DN-1)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, Chief Judge, **LUCERO** and **HARTZ**, Circuit Judges.
_____

Jeffrey Charles Zander, proceeding pro se, appeals the district court's denial of

his motion for release pending the district court's decision on the merits of his

28 U.S.C. § 2255 motion to vacate, set aside or correct his sentence. We exercise

jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

I. <u>Background</u>

Mr. Zander was convicted of two counts of mail fraud, two counts of wire

fraud, one count of money laundering, and three counts of willful failure to file

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

federal tax returns. He was sentenced to sixty-eight months in prison and ordered to pay $202,543.92 in restitution to the Paiute Indian Tribe of Utah.

On appeal, we affirmed Mr. Zander's convictions. We concluded, however, that there were errors in the loss calculation and the amount of restitution that required a remand to the district court for resentencing. The district court resentenced Mr. Zander to the same term of imprisonment, but decreased the amount of restitution to $176,698.00. Subsequently, the government filed a motion pursuant to Rule 35 of the Federal Rules of Criminal Procedure to correct an error in the district court's sentence. The district court granted the motion and reduced Mr. Zander's term of imprisonment to sixty-three months. Mr. Zander has appealed from his new sentence and restitution amount (Appeal No. 16-4162).

While Mr. Zander was awaiting resentencing, he filed a pro se § 2255 motion, raising a number of grounds related to trial testimony by two of the government's witnesses and statements the government made in its closing argument. The district court ordered the government to respond to the motion. Shortly thereafter, Mr. Zander filed a motion for release pending a decision on the merits of his § 2255 motion. The government filed a response to the § 2255 motion, but did not file a response to the motion for release. The district court denied the motion for release. Mr. Zander now appeals from that decision.

II. Discussion

In order to obtain release pending a determination on a § 2255 motion, an inmate must make "a showing of exceptional circumstances" or "a demonstration of a

2

clear case on the merits of the habeas petition." *Pfaff v. Wells*, 648 F.2d 689, 693 (10th Cir. 1981); *see also United States v. Mett*, 41 F.3d 1281, 1282 (9th Cir. 1994) ("In the habeas context, this court has reserved bail for extraordinary cases involving special circumstances or a high probability of success." (internal quotation marks omitted)).

Mr. Zander asserts that he has shown exceptional circumstances justifying his release because the case files and legal materials he needs to pursue his rights under § 2255 have allegedly been seized and lost by the Bureau of Prisons. Even if these allegations are true, Mr. Zander has not shown this situation constitutes an exceptional circumstance justifying his release. He has not explained what specific documents he needs or why he needs to be released in order to obtain them. Moreover, he has cited to a number of documents in his appellate brief in support of his arguments, which suggests he still has access to materials relevant to his case. *See*, *e.g.*, Aplt. Br. at 7-10, 14 (citing sentencing and trial transcripts). We agree with the district court that Mr. Zander has failed to show exceptional circumstances justifying his release during the pendency of his § 2255 proceedings.

Likewise, we agree with the district court that Mr. Zander has failed to demonstrate a clear case on the merits of his § 2255 motion. Mr. Zander admits that none of the claims he seeks to raise in his § 2255 motion were raised on direct appeal. *See* Aplee. Br., Attach. A at 4, 6, 8-12. It therefore appears that Mr. Zander

3

faces a procedural hurdle before the district court can even reach the merits of his

claims.  As we have explained:

> Section 2255 motions are not available to test the legality of matters which should have been raised on direct appeal.  A defendant's failure to present an issue on direct appeal bars him from raising the issue in his § 2255 motion, unless he can show cause excusing his procedural default and actual prejudice resulting from the errors of which he complains, or can show that a fundamental miscarriage of justice will occur if his claim is not addressed.

*United States v. Warner*, 23 F.3d 287, 291 (10th Cir. 1994) (citations omitted).

III.  Conclusion

For the foregoing reasons, we affirm the district court's denial of Mr. Zander's

motion for release.

Entered for the Court
Per Curiam
