**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

<table>
<tr><td>

UNITED STATES OF
AMERICA,
    *Plaintiff-Appellee*,

v.

JAMES MCCANDLESS,
AKA Mackie,
    *Defendant-Appellant.*

</td><td>

No. 16-15411

D.C. Nos.
1:15-cv-00461-DKW-BMK
1:10-cr-00793-DKW-1

OPINION

</td></tr>
</table>

Appeal from the United States District Court
for the District of Hawaii
Derrick Kahala Watson, District Judge, Presiding

Argued and Submitted October 20, 2016
Honolulu, Hawaii

Filed November 10, 2016

Before:  J. Clifford Wallace, Jerome Farris,
and Paul J. Watford, Circuit Judges.

Per Curiam Opinion

## SUMMARY[*]

### Habeas Corpus / Mandamus

The panel granted federal prisoner James McCandless' motion to construe his interlocutory appeal as a petition for a writ of mandamus, and denied the petition, in a case in which McCandless contends that he should be released on bail pending a decision on his habeas corpus petition under 28 U.S.C. § 2255.

McCandless contends that his enhancement under the residual clause of the Sentencing Guidelines career-offender provision is unconstitutionally vague in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015).

The panel observed that a district court's order denying bail pending resolution of a habeas petition is not a final decision subject to review under 28 U.S.C. § 1291, is not otherwise appealable under the collateral order doctrine, and is not subject to interlocutory review under 28 U.S.C. § 1292(b). The panel therefore construed the appeal as a mandamus petition challenging the district court's refusal to grant McCandless' motion for bail.

The panel did not need to resolve whether district courts have authority to grant bail pending resolution of a habeas petition. The panel held that McCandless cannot demonstrate clear error in the denial of his request for bail because he has not shown either a high probability of success on the merits

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

of his habeas petition or special circumstances that would warrant his release on appeal.  The panel observed (1) that it is far from clear how the Supreme Court, in *Beckles v. United States*, 136 S. Ct. 2510 (cert. granted June 27, 2016), will rule on whether *Johnson* invalidates the residual clause of the Guidelines' career-offender provision and whether such a rule would apply retroactively on collateral review; and (2) that McCandless has not shown that he will have over-served his lawful sentence in the event that *Beckles* is resolved in his favor.

## COUNSEL

Marion Percell (argued), Assistant United States Attorney; Florence T. Nakakuni, United States Attorney; United States Attorney's Office, Honolulu, Hawaii; for Plaintiff-Appellant.

Peter C. Wolff, Jr. (argued), Federal Public Defender; Alexander Silvert, First Assistant Federal Public Defender; Hawaii Federal Public Defender, Honolulu, Hawaii; for Defendant-Appellee.

**OPINION**

PER CURIAM:

James McCandless is a federal prisoner who seeks bail pending a decision by the district court on his petition for a writ of habeas corpus under 28 U.S.C. § 2255. He is serving a 145-month sentence for a drug-related conspiracy conviction, with a projected release date of August 8, 2020. He contends that he should be released on bail because if he prevails on his habeas petition, he will likely receive a reduced sentence of only 71 months, a period of confinement he has already served.

McCandless' habeas petition relies on the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), which held that the Armed Career Criminal Act's residual clause is unconstitutionally vague and therefore may not serve as the basis for a sentence enhancement under the Act. *Id.* at 2557. McCandless was not sentenced under the Armed Career Criminal Act. However, he contends that his sentence is unconstitutional under *Johnson* because his advisory Sentencing Guidelines range was enhanced under the similar residual clause of the Guidelines' career-offender provision.

That provision increases a defendant's advisory sentencing range if, as relevant here, the defendant has two or more prior convictions for a "crime of violence." U.S.S.G. § 4B1.1. Before its recent amendment, the residual clause of that term's definition, like the Armed Career Criminal Act's residual clause, referred to any offense punishable by more than one year of imprisonment that "involves conduct that presents a serious potential risk of physical injury to another."

U.S.S.G. § 4B1.2(a) (2011). McCandless alleges that the district court enhanced his advisory sentencing range based in part on its determination that one of his prior convictions fell within the scope of this clause. He contends that if *Johnson* applies to the Guidelines' career-offender provision, and if that holding is applied retroactively to cases on collateral review, then he will be entitled to be resentenced under an advisory sentencing range calculated without the career-offender enhancement.

The district court has stayed a decision on the merits of McCandless' habeas petition in anticipation of a decision by the Supreme Court this Term in *Beckles v. United States*, 136 S. Ct. 2510 (cert. granted June 27, 2016). In *Beckles*, the Court is expected to decide whether *Johnson* applies to sentences imposed under the residual clause of the Guidelines' career-offender provision and, if so, whether that rule applies retroactively to cases on collateral review. In other words, the Supreme Court's decision in *Beckles* will likely resolve—one way or the other—the merits of the claim raised in McCandless' habeas petition. However, the Court may not render a decision in *Beckles* for at least several more months.

McCandless moved for bail pending resolution of his habeas petition even before the Supreme Court granted review in *Beckles*. The district court denied his motion, and McCandless appeals from that order.

Our precedent holds that a district court's order denying bail pending resolution of a habeas petition is not a final decision subject to review under 28 U.S.C. § 1291 and is not otherwise appealable under the collateral order doctrine. *Land v. Deeds*, 878 F.2d 318, 318 (9th Cir. 1989) (per

curiam).[1]   Nor is the order subject to interlocutory review under 28 U.S.C. § 1292(b) because a bail determination cannot materially advance the ultimate termination of the litigation.   We must therefore construe this appeal as a petition for a writ of mandamus challenging the district court's refusal to grant McCandless' motion for bail.  *See Land*, 878 F.2d at 318.

A writ of mandamus may issue in cases involving "exceptional circumstances amounting to a judicial usurpation of power."  *Bauman v. United States District Court*, 557 F.2d 650, 654 (9th Cir. 1977) (internal quotation marks omitted).   To be entitled to mandamus relief, a petitioner must show at a minimum that the district court's order was clearly erroneous as a matter of law.  *United States v. Guerrero*, 693 F.3d 990, 999 (9th Cir. 2012).  We must therefore decide whether the district court committed clear error in denying McCandless' request for bail.

McCandless cannot demonstrate clear legal error.  We have not yet decided whether district courts have the authority to grant bail pending resolution of a habeas petition, and we need not resolve that question today.  *See In re Roe*, 257 F.3d 1077, 1080 (9th Cir. 2001) (per curiam).  If district courts have that authority, we have indicated that it is reserved for "extraordinary cases involving special

---

[1] We are aware that a lopsided circuit split exists on this issue.  At least six circuits have held, contrary to *Land*, that an order denying bail pending resolution of a habeas petition is appealable under the collateral order doctrine; only the First Circuit shares our view (albeit with some ambivalence) that such orders are not appealable.  *See Dotson v. Clark*, 900 F.2d 77, 77–78 (6th Cir. 1990) (describing the circuit split). Nonetheless, as a three-judge panel, we remain bound by *Land*'s holding on this point.

circumstances or a high probability of success." *Land*, 878 F.2d at 318; *see Roe*, 257 F.3d at 1080. McCandless has not shown either a high probability of success on the merits of his habeas petition or special circumstances that would warrant his release on bail.

To demonstrate a high probability of success, McCandless must establish that the Supreme Court is likely to hold in *Beckles* that *Johnson* invalidates the residual clause of the Sentencing Guidelines' career-offender provision and that such a rule applies retroactively to cases on collateral review. There are substantial arguments on both sides of the case, and it is far from clear how the Supreme Court will rule. That alone precludes us from holding that McCandless has shown a high probability of success.

Nor has McCandless shown that this case involves special circumstances. He contends that if *Beckles* is resolved in his favor and he is forced to remain incarcerated while waiting for that decision to issue, he will in the interim have over-served his lawful sentence. But if *Beckles* is resolved in his favor, McCandless would not necessarily be entitled to "immediate release," as his motion for bail asserts. He would instead be entitled to be resentenced under an advisory sentencing range calculated without the career-offender enhancement. The Supreme Court will likely decide *Beckles* at the latest by June 2017, at which point McCandless will have served approximately 108 months. To establish that he will have over-served his lawful sentence if he remains incarcerated while awaiting the outcome in *Beckles*, McCandless must show that he will likely receive a sentence of less than 108 months in the event that *Beckles* is resolved in his favor.

McCandless has not made that showing, even if we credit for the sake of argument his description of the sentencing parameters involved. If McCandless is resentenced without the career-offender enhancement, his advisory Sentencing Guidelines range will be 130 to 162 months, the low end of which is obviously above 108 months. But McCandless contends that he would be eligible for a departure below that range, and indeed that he would be eligible for a departure below the mandatory minimum sentence of 120 months. (At his initial sentencing, the government filed a motion pursuant to 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1 to reward McCandless for his substantial assistance.) McCandless points out that the district court originally departed downward to a sentence of 145 months from an advisory sentencing range of 262 to 327 months, a 45% departure from the low end of that range. If the district court were to grant a comparable downward departure from the low end of a revised advisory sentencing range of 130 to 162 months, McCandless asserts, he would receive a sentence of just 71 months, well below the amount of time he has already served.

McCandless' contention that he would receive a post-*Beckles* sentence of less than 108 months is entirely speculative. A defendant's advisory Sentencing Guidelines range is only one of several factors that the court must consider in evaluating what sentence to impose. *See* 18 U.S.C. § 3553(a). So even with a revised advisory sentencing range of 130 to 162 months, there is no way of predicting whether the district court would grant a downward departure below that range or by how much. In that respect, it is worth noting that the district court had the authority at the original sentencing hearing to depart below the mandatory minimum sentence of 120 months but determined not to do so.

For these reasons, McCandless has not shown that he has a high probability of success on the merits of his habeas petition or that he will likely end up over-serving his constitutionally permissible sentence if he is denied bail. Because McCandless cannot show that the district court clearly erred as a matter of law in denying his motion for bail, mandamus relief is unwarranted. For this reason we need not consider the other *Bauman* factors to decide this petition.

McCandless' motion to construe his appeal in the alternative as a petition for a writ of mandamus is **GRANTED**, and his petition is **DENIED**.