**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 24, 2021**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

MONTGOMERY CARL AKERS,

    Defendant - Appellant.

No. 21-3081
(D.C. No. 2:04-CR-20089-KHV-1)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **PHILLIPS**, and **CARSON**, Circuit Judges.
_____

Montgomery Carl Akers appeals from the district court's order denying his

motion for release pending appeal of the denial of his motion for a reduction in

sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) ("compassionate release") and

sanctioning him in the amount of $40,000. Exercising jurisdiction pursuant to

28 U.S.C. § 1291, we affirm the portion of the district court's order denying release

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

pending appeal, but we remand for the district court to revisit the $40,000 monetary sanction.

In his motion for release pending appeal, Mr. Akers argued the district court erred in determining he had not exhausted his administrative remedies and in concluding that his health conditions did not rise to the level of extraordinary and compelling reasons for early release. He also argued the district court did not discuss the applicable sentencing factors under 18 U.S.C. § 3553(a).

The district court considered Mr. Akers's motion for release pending appeal under 18 U.S.C. § 3143(b) of the Bail Reform Act and concluded Mr. Akers had not shown that any of his issues on appeal "raise a substantial question of law or fact likely to result in reversal, a new trial, a sentence with no custody component or a reduced sentence that is shorter than the anticipated life of the appeal." R. at 94 (citing § 3143(b)(1)(B)). Because Mr. Akers was convicted of wire fraud in 2006 and has been serving a term of imprisonment since that time, we are not convinced the Bail Reform Act applies to his request for release pending appeal from the denial of his post-conviction motion for compassionate release. *See United States v. Mett*, 41 F.3d 1281, 1282 (9th Cir. 1994) ("The Bail Reform Act does not apply to federal prisoners seeking postconviction relief."). We need not resolve that question in this case, however, because under either § 3143(b) of the Bail Reform Act or the standards this and other courts have applied to similar requests for release involving post-conviction motions, Mr. Akers has not shown he is entitled to release pending appeal, *see Pfaff v. Wells*, 648 F.2d 689, 693 (10th Cir. 1981) (holding state prisoners

must show "exceptional circumstances" or "a demonstration of a clear case on the merits of the habeas petition" to be entitled to release pending a district court's decision on a habeas petition); *Mett*, 41 F.3d at 1282 (holding federal prisoners seeking release pending appeal of the denial of their 28 U.S.C. § 2255 motion must demonstrate "their appeal is an extraordinary case involving special circumstances or presents a high probability of success" (internal quotation marks omitted)).

As for the $40,000 sanction, we note that the district court identified certain statements in one section of the motion as frivolous, but it did not address all of Mr. Akers's arguments or find that the motion as a whole was frivolous. Although we agree with the district court that Mr. Akers has not shown he is entitled to release pending appeal, we cannot say that the arguments in support of his motion are wholly frivolous.

Accordingly, we affirm the district court's decision denying Mr. Akers's motion for release pending appeal, but we remand for the district court to revisit the $40,000 sanction. We grant Mr. Akers's motion for leave to proceed on appeal without prepayment of costs or fees.

Entered for the Court
Per Curiam